# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
## ON REMAND
===============

===============
## NO. 03-99-00040-CR
===============

**Deleslyn Lightsey Miller, Appellant**

**v.**

**The State of Texas, Appellee**

=================================================================
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 98-2789, HONORABLE BOB PERKINS, JUDGE PRESIDING
=================================================================

On original submission, we affirmed appellant's conviction for delivery of less than one gram of cocaine. *Miller v. State*, No. 99-040 (Tex. App.—Austin Sep. 10, 1999) (not designated for publication). The court of criminal appeals reversed our judgment on appellant's petition for discretionary review, holding that we erred by sustaining the district court's exclusion of evidence offered by appellant to support her claim of duress. *Miller v. State*, 36 S.W.3d 503, 509 (Tex. Crim. App. 2001). The cause was remanded to us to conduct a harm analysis. *Id.*

Appellant testified and admitted selling cocaine to an undercover officer. She contended, however, that she was compelled to do so by James Magee, the individual who arranged the transaction with the undercover officer. *See* Tex. Penal Code Ann. § 8.05 (West 1994). To support her defense of duress, appellant sought to testify that sometime after the drug transaction,

either that night or early the next morning, she was assaulted by Magee. In an offer of proof, appellant testified that she left the motel room following the delivery and spent the night at a campground of homeless people. When Magee found her, he accused her either of withholding $10 from the drug deal or of "messing up" the deal, and he slapped her and cut her with a bottle. The trial court excluded the evidence on the ground that the assault subsequent to the drug transaction was not relevant to appellant's duress defense. The court did, however, allow appellant's testimony that she had been beaten by Magee on an occasion prior to the offense.

We concluded that the district court's ruling was not an abuse of discretion. *Miller*, No. 99-040, slip op. at 6. The court of criminal appeals disagreed. The court reasoned as follows:

> [A]ppellant testified that Magee threatened her, forcing her to make the delivery to the undercover officer. There was little, if any, attenuation between the delivery of the cocaine and the assault. Appellant proffered the testimony that Magee pursued her after she made the delivery. When Magee caught up to her a few hours after the delivery and discovered the deal had not gone the way he wanted and that he would not receive the money from the delivery which he expected, he then carried out the threat he made before the delivery and assaulted appellant. A rational jury could find that this evidence helps to prove that appellant was under a constant state of duress from Magee when she delivered the cocaine, that this duress caused her to fear for her safety, and that her fear was reasonable. Appellant's testimony that Magee assaulted her tended to make the existence of a consequential fact more probable, *i.e.*, that appellant delivered the cocaine under duress than it was without the admission of the testimony. . . . We, therefore, conclude the trial court abused its discretion by excluding the testimony as irrelevant based on when the assault occurred. We conclude the evidence of the assault was relevant under [Texas Rule of Evidence] 401.

*Miller*, 36 S.W.3d at 508. After further concluding that the admission of this relevant evidence was not prohibited by any other evidentiary rule, or by any constitutional or statutory authority, the court held that the evidence was admissible under Texas Rule of Evidence 402. *Id*. at 509.

2

The court of criminal appeals instructed us to "conduct a harm analysis consistent with Texas Rule of Appellate Procedure 44.2." *Id*. The court did not specify whether this Court should apply rule 44.2(a), the test applied to constitutional errors, or rule 44.2(b), the test applied to all other errors. Appellant relied on rule 44.2(b) in her brief to this Court on original submission and in her brief to the court of criminal appeals on petition for discretionary review, but in her supplemental brief on remand she urges us to apply rule 44.2(a). The State contends, and we agree, that the proper standard is rule 44.2(b).

Appellant asserts that the exclusion of her defensive testimony violated her Sixth Amendment rights. In its opinion, the court of criminal appeals recognized that a defendant has a constitutional right "to present evidence of a defense as long as the evidence is relevant and is not excluded by an established evidentiary rule." *Id*. at 507. The issue raised by appellant's petition for review, however, was whether the alleged assault occurring after the offense was committed was, in fact, relevant to appellant's duress defense. Citing *United States v. McClure*, 546 F.2d 670 (5th Cir. 1977), the court held that the evidence was relevant because it "tended to make the existence of a consequential fact more probable, *i.e.*, that appellant delivered the cocaine under duress than it was without the admission of the testimony." *Id*. at 508. This is a paraphrase of rule 401, which the court cited as authority for its holding.

This Court has rejected the argument that constitutional error is committed whenever a trial court erroneously excludes defensive evidence. *See Tate v. State*, 988 S.W.2d 887, 889 (Tex. App.—Austin 1999, pet. ref'd). "With respect to the erroneous admission or exclusion of evidence, constitutional error is presented only if the correct ruling was constitutionally required. A mere

misapplication of the rules of evidence is not constitutional error. . . . [T]he erroneous exclusion of defensive evidence is not constitutional error if the trial court's ruling merely offends the rules of evidence." *Id*. at 890.[1]  The district court's conclusion that Magee's assault of appellant was irrelevant to her duress defense because it took place after the drug transaction for which she was on trial was a misapplication of rule 401.  As such, the error was not of constitutional dimension.

Our task, therefore, is to determine whether the district court's error affected appellant's substantial rights.  *See* Tex. R. App. P. 44.2(b).  The State urges that it did not.  The State notes that the jury had before it evidence, including a videotape of the drug transaction, that tended to undermine appellant's claim that she sold the cocaine under duress.  The State also cites statements made by appellant during questioning outside the jury's presence indicating that Magee assaulted her because she failed to pay him his share of her prostitution earnings.[2]  The State argues that had appellant been allowed to testify regarding the assault, her admission that the assault was occasioned by her failure to pay Magee his "pimp fee" would have been elicited on cross-examination.  As regards the duress defense, however, the reason for the assault is less important than the fact of the assault.  That Magee repeatedly struck appellant with his fists and cut her several times with a broken beer bottle, for whatever reason, is compelling evidence that appellant had reason to fear him and thus lends credibility to her claim of duress.

---

[1]  In *Tate*, a prosecution for murder, we concluded that the erroneous exclusion of testimony relevant to the defendant's self-defense claim did not affect a substantial right because there was no evidence the deceased used deadly force.  *See Tate v. State*, 988 S.W.2d 887, 891 (Tex. App.—Austin 1999, pet. ref'd).

[2]  This testimony was also noted by the court of criminal appeals in its opinion.  *See Miller v. State*, 36 S.W.3d 503, 505 n.3 (Tex. Crim. App. 2001).

Under rule 44.2(b), the erroneous exclusion of relevant evidence warrants reversal only if the exclusion had a substantial and injurious effect or influence in determining the jury's verdict. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) (quoting *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). This necessarily requires consideration of all the evidence that was admitted. *Morales*, 32 S.W.3d at 867. But the entire record must be examined, and consideration may also be given to such factors as the jury instructions, the parties' theories of the case, and the closing arguments. *Id.*

In this case, there was no dispute that appellant sold cocaine to the undercover officer and the only real issue was whether she was compelled to do so by Magee's threats. Duress is an affirmative defense, and the district court correctly instructed the jury that it was appellant's burden to prove the defense by a preponderance of the evidence. *See* Tex. Penal Code Ann. § 2.04(d) (West 1994). Because appellant bore the burden of persuasion, the exclusion of testimony relevant to her defense was particularly damaging to her.

We agree with the State that there is other evidence tending to rebut appellant's claim of duress. But while we do not necessarily believe the jury would have acquitted appellant but for the court's error, we cannot state with fair assurance that the excluded testimony would have had no effect, or but slight effect, on the jury's consideration of appellant's affirmative defense. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (conviction should not be overturned for nonconstitutional error if appellate court, after examining whole record, has fair assurance that error did not influence jury, or had but slight effect). We intimate no opinion as to the credibility of appellant's duress defense. We decide

5

only that, on this record, appellant was harmed when the jury was not given the opportunity to hear testimony relevant to appellant's defense and assess its credibility along with the other evidence in the case. Point of error two is sustained.

The judgment of conviction is reversed and the cause is remanded to the district court.

_____

Jan P. Patterson

Before Chief Justice Aboussie, Justices Kidd and Patterson

Reversed and Remanded

Filed: March 29, 2001

Publish