Jerome EAST, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–01–176–CR.

Court of Appeals of Texas,
Waco.

May 1, 2002.

Daniel L. Burkeen, Groesbeck, for appellant.

Robert W. Gage, County/District Atty., Fairfield, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

BILL VANCE, Justice.

Jerome East was convicted by a jury of aggravated assault. TEX. PEN.CODE ANN. § 22.02 (Vernon 1994). At the time of trial, he was on probation from another conviction for aggravated assault—he stabbed someone with a knife. The trial court assessed punishment at ten years and one day in prison. At trial, East's request for jury-charge instructions on "self-defense" and "necessity" were denied. He complains on appeal that the request should have been granted, and therefore he should have a new trial. Finding no error, we will affirm the judgment.

### Facts

The victim, Owens, testified that East and his fiance, Heather, in a car driven by East, pulled in behind Owens's car after Owens parked in his mother's driveway. Owens walked to a position directly behind his car. He said East drove into him, pinning him between the bumpers of the two cars. Two surgeries were required in an attempt to repair the physical injuries to Owens's legs. Owens's mother, who saw the incident, confirmed his story.

The defense called Heather to testify. She said she was driving, and that Owens waived a pistol at her and East. In a panic, she accidently drove into East. There was rebuttal evidence that after she failed a lie-detector test, she admitted to the test's administrator that East was driving.

Apparently the jury believed Owens and his mother and not Heather.

### Jury Charge Instructions

■■■ A trial court must charge the jury on any defensive issue raised by the evidence, "regardless of its substantive character." *Brown v. State*, 955 S.W.2d 276, 279 (Tex.Crim.App.1997).

> A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of whether it is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion that the testimony is not entitled to belief. The defendant's testimony alone may be sufficient to raise a defensive theory requiring a charge.

*Id.* (quoting *Williams v. State*, 630 S.W.2d 640, 643 (Tex.Crim.App.1982)).

> This rule is designed to insure that the jury, not the judge, will decide the relative credibility of the evidence. [citation omitted] When a judge refuses to give an instruction on a defensive issue because the evidence supporting it is weak or unbelievable, he effectively substitutes his judgment on the weight of the evidence for that of the jury. [citation omitted] The weight of the evidence in support of an instruction is immaterial.

*Id.* (quoting *Woodfox v. State*, 742 S.W.2d 408, 409–10 (Tex.Crim.App.1987)).

### Self–Defense

 "[A] person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." Tex. Pen.Code Ann. § 9.31 (Vernon Supp.2002). To rely on "self-defense," the defendant must first admit committing the conduct which forms the basis of the indictment; the defense is inconsistent with a denial of the conduct. *Kimbrough v. State,* 959 S.W.2d 634, 640 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd); *MacDonald v. State,* 761 S.W.2d 56, 60 (Tex.App.-Houston [14th Dist.] 1988, pet. ref'd). All statutory affirmative defenses "justify the defendant's admitted participation in the act itself." *Sanders v. State,* 707 S.W.2d 78, 81 (Tex.Crim.App. 1986). However, the Court of Criminal Appeals has explained that "admitting the conduct" does not always mean admitting the commission of every statutory element of the offense. For example, in *Martinez v. State,* the defendant was charged with murder. *Martinez v. State,* 775 S.W.2d 645, 645 (Tex.Crim.App.1989). He admitted to pulling a gun, firing into the air, and having his finger on the trigger when the fatal shot was fired. *Id.* at 647. However, he denied the element of "intent to kill." *Id.* The Court held he had "sufficiently admit[ted] to the commission of the offense." *Id.* (*see* cases in accord cited therein); *Torres v. State,* 7 S.W.3d 712, 715 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *see also Willis v. State,* 790 S.W.2d 307, 314 (Tex.Crim.App.1990) (denial of the "intent" element of theft does not automatically negate an affirmative defense).

East's defense was that he was not behind the wheel of the car; rather, "Heather did it." Accordingly, he did not "substantially admit" to the underlying conduct, and he cannot rely on a claim of "self-defense."

We overrule this issue.

### Necessity

 Conduct that would otherwise be illegal is justified by "necessity" if: "(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear." Tex. Pen. Code Ann. § 9.22 (Vernon 1994). The defense justifies conduct that would otherwise be criminal. *Young v. State,* 991 S.W.2d 835, 838 (Tex.Crim.App.1999). Similarly to self-defense, a defendant cannot establish that his conduct was justified by "necessity" without first admitting that the conduct occurred. *Maldonado v. State,* 902 S.W.2d 708, 712 (Tex.App.-El Paso 1995, no writ) (citing *Trotty v. State,* 787 S.W.2d 629, 630 (Tex.App.-Fort Worth 1990, no writ)); *Leach v. State,* 726 S.W.2d 598, 600 (Tex.App.-Houston [14th Dist.] 1987, no writ). But also, as with "self-defense," the admission can be sufficient even though the defendant refutes an element of the offense. *Thomas v. State,* 678 S.W.2d 82, 85 (Tex.Crim.App.1984) (defendant denied the "intent" element).

Again, East did not admit to running into Owens. His defense was that he was not driving. Therefore, he cannot claim "necessity."

We overrule this issue.

### Conclusion

East was not entitled to an instruction on either "self-defense" or "necessity" because he did not admit to the conduct

underlying the offense of which he was accused. We affirm the judgment.