**Allen Lee SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–01–521–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

March 13, 2003.

Discretionary Review Refused
Sept. 10, 2003.

Grant Jones, Corpus Christi, for appellant.

Carlos Valdez, Nueces County District Attorney, Corpus Christi, for appellee.

Allen Smith, Beeville, pro se.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and DORSEY.[1]

**OPINION**

Opinion by Chief Justice VALDEZ.

Appellant, Allen Lee Smith, was indicted on two counts of felony unlawful restraint. The jury found appellant guilty of the lesser included offense of misdemeanor unlawful restraint, and the trial court assessed punishment at one year in jail and a $500.00 fine for each count. The confinement for each count was suspended. Through one issue, appellant argues the trial court erred in refusing to charge the

---

1.  Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

jury on the "educator-student justification defense." We affirm.

## Facts

Complaining witnesses, Aaron Cavallin and Justin Simmons, two men between the ages of seventeen and nineteen, were on probation and referred to the youth Lighthouse program. The Lighthouse program is a home for young men who have committed crimes and are placed there by courts as an alternative to prison or jail. It is located on a large tract of land near Corpus Christi, Texas, and is owned and operated by the People's Baptist Church. The Lighthouse provides a year-long program involving the completion of various tasks.

Residents sign a form stating that they are at the Lighthouse of their own free will, will comply with its rules and regulations, and that if they fail to comply with the rules and regulations sanctions will be administered. Intentional misbehavior is punished by sanctions such as running laps. Appellant served as superintendent of the Lighthouse. He testified that it was his responsibility "to educate the young men and try to get them going in the right direction." Appellant testified that if one of the residents wants to leave, he could do so, but is encouraged to stay, and that if the individual was on probation, he would call the individual's probation officer when he left.

On March 28, 2000, Smith was informed that both Simmons and Cavallin attempted to run away but were caught. Appellant told the men they could leave, but, if they did he would inform the court and their probation officers. If they stayed, however, they would have to submit to sanctions for trying to run away. The first sanction required the men to run barefoot down a dirt road on the property while tied together at the wrist. Appellant testified, he "wanted them to see just exactly how it would be like if they escaped from a correctional facility handcuffed to one another." As a second sanction appellant ordered the men to enter a large empty pit that had recently been dug on the property as a drainage ditch. The men were instructed to shovel dirt from one side of the hole to the other. They were instructed to do so all night. Other residents were assigned to keep watch as Cavallin and Simmons worked. Appellant testified that he put the two in the pit in order to make it as difficult as he could, in order to see if they really wanted to stay.

## Analysis

■ Through his sole issue on appeal, appellant argues that the trial court erred in refusing to charge the jury on the educator-student justification defense.

Texas Penal Code section 9.62 provides: The use of force, but not deadly force, against a person is justified:

(1) if the actor is entrusted with the care, supervision, or administration of the person for a special purpose; and

(2) when and to the degree the actor reasonably believes the force is necessary to further the special purpose or to maintain discipline in a group.

TEX. PEN.CODE ANN. § 9.62 (Vernon Supp. 2002).

■ A defendant has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless whether the trial court finds the defense credible. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex.Crim.App. 1996).

The State contends that appellant was not entitled to an instruction on the educator-student justification defense because appellant failed to admit committing the conduct alleged.

■ Similar to self-defense, a defendant cannot establish that his conduct was justified by the "educator-student" relationship without first admitting that the conduct occurred. *See East v. State,* 76 S.W.3d 736, 738 (Tex.App.-Waco 2002, no pet.); *see also Kimbrough v. State,* 959 S.W.2d 634, 640 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd). The Texas Court of Criminal Appeals has explained that admitting the conduct does not always mean admitting the commission of every statutory element of the offense. *Martinez v. State,* 775 S.W.2d 645, 647 (Tex.Crim.App. 1989). For example, in *Martinez,* the defendant charged with murder admitted to pulling a gun and firing it into the air, however, he denied the intent to kill. *Id.* The court of criminal appeals held he had sufficiently admitted to the conduct. *Id.; see Willis v. State,* 790 S.W.2d 307, 314 (Tex.Crim.App.1990) (denial of the "intent" element of theft does not automatically negate an affirmative defense).

In the present case, each count of the indictment charged appellant with "intentionally and knowingly by force intimidation and deception restrain [the victim] without his consent by restricting the movements of [the victim] and ... did then and there recklessly expose [the victim] ... to a substantial risk of serious bodily injury."

Appellant's testimony, however, negated: 1) restraint; 2) lack of consent by victims; and 3) that he used either force, intimidation, or deception. Accordingly, having denied that he committed the underlying conduct alleged against him, appellant did not "substantially admit" the conduct and consequently was not entitled to this instruction. *See East,* 76 S.W.3d at 738.

Therefore, having found appellant failed to admit the conduct in question we cannot say the trial court erred in refusing to instruct the jury on the educator-student justification. *See Maldonado,* 902 S.W.2d at 712 (case involving necessity defense instruction, in which reviewing court opined that evidence did not support submission of defensive issue because appellant did not, as a prerequisite, admit committing the underlying conduct). Appellant's sole issue on appeal is overruled.

### Conclusion

We affirm the judgment of the trial court.

Dissenting Opinion by Justice DORSEY (Retired).

J. BONNER DORSEY, dissenting (Retired).

I am convinced the charge on justification should have been given and it was error for the trial court not to do so. The only question in this case, both at trial and on appeal, is whether the punishment meted out to the two residents of the school was justified in law. By refusing to charge the jury on the law of the "educator's justification" defense, the jury was not told that the defendant could use force to the extent he reasonably believed it was necessary to maintain discipline.

Appellant admitted the material facts alleged in the indictment. He admitted requiring the boys to enter the ditch and shovel dirt from one side to the other all night as a condition of their remaining at the Lighthouse school. That certainly substantially admits the conduct he was accused of by the indictment. The jury should have been entitled to determine whether he was justified in his actions upon a proper charge explaining the defense. Not to allow that defense here is to effectively eliminate it in all conceivable cases. The majority has misread the main cases, *Willis v. State,* 790 S.W.2d 307 (Tex. Crim.App.1990) and *Martinez v. State,* 775

S.W.2d 645 (Tex.Crim.App.1989), and disregarded their teachings.

I would reverse and remand for a new trial. I respectfully dissent.