**Francisco Javier HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–05–00095–CR.

Court of Appeals of Texas, Waco.

March 29, 2006.

Donald S. Gandy, Fort Worth, for appellant.

Dale S. Hanna, Johnson County Dist. Atty., Fort Worth, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Francisco Javier Hernandez pleaded guilty to possession of cocaine in the amount of 4 grams or more but less than 200 grams with intent to deliver. A jury assessed his punishment at 25 years' imprisonment and a $10,000 fine. Hernandez contends in two issues that: (1) he was denied due process because the trial court refused to admit his testimony offered to establish the affirmative defense of duress; and (2) this refusal was an abuse of the court's discretion. We will reverse and remand.

After the State rested, Hernandez took the stand in his own defense. The State objected when Hernandez began to testify about an encounter he had with two brothers in Fort Worth. The court permitted Hernandez to make an offer of proof at this juncture, outside the presence of the jury.

Hernandez testified that he had made four prior deliveries for these men, the Morales brothers, beginning about three months before the date of his arrest. On each occasion the men threatened to harm him or his family if he failed to make the delivery. The men "always had [a firearm] on their waist or on the belt" and had brandished a gun on two of his encounters with them. Hernandez said that he would not have made these deliveries (including the delivery for which he was indicted) except for the threat of imminent death or serious bodily injury to himself or his family. He testified that the threats continued even after his arrest and indictment and that he was kidnapped by the men after his arrest, tied up, and blindfolded. Hernandez felt that his family and he remained in danger even at trial, some twelve months after the date of his arrest.

After hearing argument of counsel regarding the admissibility of Hernandez's testimony, the court asked for more testimony on the issue of whether the brothers had threatened *imminent* harm. The parties questioned Hernandez at length on

this issue. Hernandez stated at one point during the examination, "They told me that if I didn't do or cooperate with them they would *immediately* send some folks over, that they were in control here and they had the people." (emphasis added).

After hearing additional argument, the court sustained the State's objection to Hernandez's testimony on this subject. Hernandez then elected to plead guilty.[1]

### Due Process Violation

Hernandez contends in his first issue that the exclusion of his testimony on the issue of duress violated his right to due process. However, an allegation that the defendant's right to due process has been violated must be preserved by a timely, specific objection. *See Hull v. State*, 67 S.W.3d 215, 216–17 (Tex.Crim.App.2002); *Marrow v. State*, 169 S.W.3d 328, 330 (Tex. App.-Waco 2005, pet. ref'd), *cert. denied*, —— U.S. ——, 126 S.Ct. 1147, 163 L.Ed.2d 1006 (2006). Because Hernandez did not present this complaint to the trial court, he has not preserved it for appellate review. *Id.* Accordingly, we overrule Hernandez's first issue.

### Exclusion of Evidence

Hernandez contends in his second issue that the court abused its discretion by excluding his testimony on the issue of duress.

The State initially contends that this issue has not been preserved because: (1) the hearing on the admissibility of the testimony was commenced because of the State's objection rather than at the request of Hernandez; (2) once the court sustained the State's objection, Hernandez "never lodged an objection to the court's ruling or formally made an offer of proof"; and (3) the court's ruling was in response to the State's objection and not Hernandez's offer of proof. We disagree with the State's contention on the issue of preservation.

The State promptly objected when Hernandez began to testify on the issue of duress. In response, the court conducted a hearing outside the presence of the jury to hear the substance of the testimony and determine its admissibility. At the conclusion of this hearing, the court determined that the testimony was inadmissible and sustained the State's objection. By expressly sustaining the State's objection, the court implicitly rejected the arguments proffered by Hernandez's counsel for admitting the testimony. Thus, we conclude that Hernandez has preserved his complaint for appellate review. *See* TEX.R.APP. P. 33.1(a); *see also id.* 33.1(c) (formal exception to court's ruling not required to preserve complaint).

"A defendant has a fundamental right to present evidence of a defense as long as the evidence is relevant and is not excluded by an established evidentiary rule." *Miller v. State*, 36 S.W.3d 503, 507 (Tex.Crim.App.2001) (citing *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973)). Evidence is considered relevant if it is material and probative. *Id.* To be material, the evidence "must be shown to be addressed

---

1. Because Hernandez's decision to plead guilty followed on the heels of the court's ruling on the admissibility of his testimony and because this ruling excluded the only evidence he offered on the affirmative defense of duress, we conclude that his guilty plea did not operate to waive his right to complain of the ruling. *See Sanchez v. State*, 98 S.W.3d 349, 353–55 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd); *see also Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim.App.2000) ("a valid plea of guilty or nolo contendere 'waives' or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error").

to the proof of a material proposition, *i.e.,* 'any fact that is of consequence to the determination of the action.' " *Id.* (quoting 1 STEVEN GOODE ET AL., TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE § 401.1).[2] Evidence is considered probative if it "tend[s] to make the existence of the fact 'more or less probable that it would be without the evidence.' " *Id.*

■ The issue of whether Hernandez acted under duress is clearly a fact of consequence to the determination of his guilt for the offense charged. Thus, evidence of duress is material. The dispute here concerns whether the evidence offered by Hernandez has "any tendency" to make it more probable that he acted under duress. *See* TEX.R. EVID. 401; *Miller,* 36 S.W.3d at 507. "There is no purely legal test to determine whether evidence will tend to prove or disprove a proposition—it is a test of logic and common sense." *Miller,* 36 S.W.3d at 507 (citing GOODE ET AL., § 401.3).

Here, Hernandez testified that the Morales brothers threatened to *"immediately send some folks over"* to harm his family if he did not deliver the cocaine for them. (emphasis added). These men "always had [a firearm] on their waist or on the belt" and had brandished a gun on two of his encounters with them. They had made similar threats on four prior occasions and they kidnapped him after his arrest.

The State contends that Hernandez's testimony is not probative on the issue of duress because it does not indicate "how the threat was to be carried out, when the threat was to be carried out, or which family member was the object of the threat."

To paraphrase the decision of the Court of Criminal Appeals in *Miller,*

> A rational jury could find that this evidence helps to prove that appellant was under a constant state of duress from [the Morales brothers] when [he] delivered the cocaine, that this duress caused [him] to fear for [his and his family's] safety, and that [his] fear was reasonable. Appellant's testimony ... tended to make the existence of a consequential fact more probable, *i.e.,* that appellant delivered the cocaine under duress than it was without the admission of the testimony.

*Miller,* 36 S.W.3d at 508.

Hernandez's testimony that the Morales brothers, while armed, threatened to "immediately send some folks over" to harm his family is sufficiently probative on the issue of whether the Morales brothers threatened "imminent death or serious bodily injury" to Hernandez and/or his family. *See* TEX. PEN.CODE ANN. § 8.05(a) (Vernon 2003); *Miller,* 36 S.W.3d at 508. The fact that Hernandez's testimony does not provide more detail about the specifics of the threatened harm goes to the weight a factfinder would give to his testimony rather than its admissibility. *See Maxwell v. State,* 756 S.W.2d 855, 858 (Tex.App.-Austin 1988, pet. ref'd); *cf. Ferrel v. State,* 55 S.W.3d 586, 591 (Tex.Crim.App. 2001) (defendant entitled to instruction on defensive issue "if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense").

Accordingly, the court abused its discretion by excluding Hernandez's testimony

**2.** The internal quotations in this and the following quotation are from Rule of Evidence 401. *See* 1 STEVEN GOODE ET AL , TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE § 401.1 (3d ed.2002) (quoting TEX.R. EVID. 401).

on the issue of duress.[3] *See Miller*, 36 S.W.3d at 508. We must now determine whether the exclusion of the testimony affected Hernandez's substantial rights. *See* Tex.R.App. P. 44.2(b); *Miller v. State*, 42 S.W.3d 343, 345 (Tex.App.-Austin 2001, no pet.).

Based on the record (including the excluded testimony), the only contested issues are whether Hernandez knew the precise nature of the controlled substance he was delivering[4] and whether he acted under duress. The court's ruling removed from the jury's consideration the only evidence Hernandez offered on the affirmative defense of duress. Accordingly, the exclusion of Hernandez's testimony on the issue of duress affected his substantial rights. *See Miller*, 42 S.W.3d at 346–47. Therefore, we sustain his second issue.

The judgment is reversed and this cause is remanded for further proceedings consistent with this opinion.

**3.** Though we conclude that Hernandez's testimony on the issue of duress is relevant and admissible, we express no opinion as to the credibility of the testimony. *See Miller v. State*, 42 S.W.3d 343, 347 (Tex.App.-Austin 2001, no pet.).

**4.** Hernandez testified that he suspected the Morales brothers were having him deliver drugs but he did not know exactly what kind of drugs he was delivering. *See Nhem v. State*, 129 S.W.3d 696, 699 (Tex.App.-Houston [1st Dist.] 2004, no pet.) ("In a possession with intent to deliver case, the State must prove that the defendant: (1) exercised care, custody, control, or management over the controlled substance; (2) intended to deliver the controlled substance to another; and (3) knew that the substance in his possession was a controlled substance."). Thus, Hernandez "sufficiently admit[ted] to the commission of the offense" to allow for the submission of an affirmative defense. *See Martinez v. State*, 775 S.W.2d 645, 647 (Tex.Crim.App.1989); *East v. State*, 76 S.W.3d 736, 738 (Tex.App.-Waco 2002, no pet.).