IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00095-CR

 

Francisco Javier Hernandez,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. F37911

 



Opinion



 








          Francisco Javier Hernandez pleaded guilty
to possession of cocaine in the amount of 4 grams or more but less than 200
grams with intent to deliver.  A jury assessed his punishment at 25 years’
imprisonment and a $10,000 fine.  Hernandez contends in two issues that: (1) he
was denied due process because the trial court refused to admit his testimony
offered to establish the affirmative defense of duress; and (2) this refusal was
an abuse of the court’s discretion.  We will reverse and remand.

          After the State rested, Hernandez took
the stand in his own defense.  The State objected when Hernandez began to
testify about an encounter he had with two brothers in Fort Worth.  The court
permitted Hernandez to make an offer of proof at this juncture, outside the
presence of the jury.

          Hernandez testified that he had made
four prior deliveries for these men, the Morales brothers, beginning about
three months before the date of his arrest.  On each occasion the men
threatened to harm him or his family if he failed to make the delivery.  The
men “always had [a firearm] on their waist or on the belt” and had brandished a
gun on two of his encounters with them.  Hernandez said that he would not have
made these deliveries (including the delivery for which he was indicted) except
for the threat of imminent death or serious bodily injury to himself or his
family.  He testified that the threats continued even after his arrest and
indictment and that he was kidnapped by the men after his arrest, tied up, and
blindfolded.  Hernandez felt that his family and he remained in danger even at
trial, some twelve months after the date of his arrest.

          After hearing argument of counsel
regarding the admissibility of Hernandez’s testimony, the court asked for more
testimony on the issue of whether the brothers had threatened imminent
harm.  The parties questioned Hernandez at length on this issue.  Hernandez
stated at one point during the examination, “They told me that if I didn’t do
or cooperate with them they would immediately send some folks over, that
they were in control here and they had the people.” (emphasis added).

          After hearing additional argument, the
court sustained the State’s objection to Hernandez’s testimony on this
subject.  Hernandez then elected to plead guilty.[1]

Due Process Violation

          Hernandez contends in his first issue
that the exclusion of his testimony on the issue of duress violated his right
to due process.  However, an allegation that the defendant’s right to due
process has been violated must be preserved by a timely, specific objection.  See
 Hull v. State, 67 S.W.3d 215, 216-17 (Tex. Crim. App. 2002); Marrow v.
State, 169 S.W.3d 328, 330 (Tex. App.—Waco 2005, pet. ref’d), cert.
denied, ___ U.S. ___, 126 S. Ct. 1147, 163 L. Ed. 2d 1006 (2006).  Because
Hernandez did not present this complaint to the trial court, he has not
preserved it for appellate review.  Id.  Accordingly, we overrule
Hernandez’s first issue.

Exclusion of Evidence

           Hernandez contends in his second
issue that the court abused its discretion by excluding his testimony on the
issue of duress.

          The State initially contends that this
issue has not been preserved because: (1) the hearing on the admissibility of
the testimony was commenced because of the State’s objection rather than at the
request of Hernandez; (2) once the court sustained the State’s objection,
Hernandez “never lodged an objection to the court’s ruling or formally made an
offer of proof”; and (3) the court’s ruling was in response to the State’s
objection and not Hernandez’s offer of proof.  We disagree with the State’s
contention on the issue of preservation.

          The State promptly objected when
Hernandez began to testify on the issue of duress.  In response, the court
conducted a hearing outside the presence of the jury to hear the substance of
the testimony and determine its admissibility.  At the conclusion of this
hearing, the court determined that the testimony was inadmissible and sustained
the State’s objection.  By expressly sustaining the State’s objection, the
court implicitly rejected the arguments proffered by Hernandez’s counsel for
admitting the testimony.  Thus, we conclude that Hernandez has preserved his
complaint for appellate review.  See Tex.
R. App. P. 33.1(a); see also id. 33.1(c) (formal exception to
court’s ruling not required to preserve complaint).

          “A defendant has a fundamental right
to present evidence of a defense as long as the evidence is relevant and is not
excluded by an established evidentiary rule.”  Miller v. State, 36
S.W.3d 503, 507 (Tex. Crim. App. 2001) (citing Chambers v. Mississippi,
410 U.S. 284, 302, 93 S. Ct. 1038, 1049, 35 L. Ed. 2d 297 (1973)).  Evidence is
considered relevant if it is material and probative.  Id.  To be
material, the evidence “must be shown to be addressed to the proof of a
material proposition, i.e., ‘any fact that is of consequence to the
determination of the action.’”  Id. (quoting 1 Steven Goode et al., Texas Practice: Guide to the Texas Rules of
Evidence § 401.1).[2] 
Evidence is considered probative if it “tend[s] to make the existence of the
fact ‘more or less probable that it would be without the evidence.’”  Id.

          The issue of whether Hernandez acted
under duress is clearly a fact of consequence to the determination of his guilt
for the offense charged.  Thus, evidence of duress is material.  The dispute
here concerns whether the evidence offered by Hernandez has “any tendency” to
make it more probable that he acted under duress.  See Tex. R. Evid. 401; Miller, 36
S.W.3d at 507.  “There is no purely legal test to determine whether evidence
will tend to prove or disprove a proposition—it is a test of logic and common
sense.”  Miller, 36 S.W.3d at 507 (citing Goode et al., § 401.3).

          Here, Hernandez testified that the
Morales brothers threatened to “immediately send some folks over” to
harm his family if he did not deliver the cocaine for them. (emphasis added).  These
men “always had [a firearm] on their waist or on the belt” and had brandished a
gun on two of his encounters with them.  They had made similar threats on four
prior occasions and they kidnapped him after his arrest.

          The State contends that Hernandez’s
testimony is not probative on the issue of duress because it does not indicate
“how the threat was to be carried out, when the threat was to be carried out,
or which family member was the object of the threat.”

          To paraphrase the decision of the
Court of Criminal Appeals in Miller,

          A rational jury could find that this
evidence helps to prove that appellant was under a constant state of duress
from [the Morales brothers] when [he] delivered the cocaine, that this duress
caused [him] to fear for [his and his family’s] safety, and that [his] fear was
reasonable.  Appellant’s testimony . . . tended to make the existence of a
consequential fact more probable, i.e., that appellant delivered the
cocaine under duress than it was without the admission of the testimony.

 

Miller, 36 S.W.3d at 508.

          Hernandez’s testimony that the Morales brothers, while armed,
threatened to “immediately send some folks over” to harm his family is
sufficiently probative on the issue of whether the Morales brothers threatened
“imminent death or serious bodily injury” to Hernandez and/or his family.  See
Tex. Pen. Code Ann. § 8.05(a)
(Vernon 2003); Miller, 36 S.W.3d at 508.  The fact that Hernandez’s
testimony does not provide more detail about the specifics of the threatened
harm goes to the weight a factfinder would give to his testimony rather than
its admissibility.  See Maxwell v. State, 756 S.W.2d 855, 858 (Tex. App.—Austin 1988, pet. ref’d); cf. Ferrel v. State, 55 S.W.3d 586, 591 (Tex.
Crim. App. 2001) (defendant entitled to instruction on defensive issue “if the
issue is raised by the evidence, whether that evidence is strong or weak,
unimpeached or contradicted, and regardless of what the trial court may think
about the credibility of the defense”).

          Accordingly, the court abused its
discretion by excluding Hernandez’s testimony on the issue of duress.[3] 
See Miller, 36 S.W.3d at 508.  We must now determine whether the
exclusion of the testimony affected Hernandez’s substantial rights.  See
Tex. R. App. P. 44.2(b); Miller
v. State, 42 S.W.3d 343, 345 (Tex. App.—Austin 2001, no pet.).

          Based on the record (including the
excluded testimony), the only contested issues are whether Hernandez knew the
precise nature of the controlled substance he was delivering[4]
and whether he acted under duress.  The court’s ruling removed from the jury’s
consideration the only evidence Hernandez offered on the affirmative defense of
duress.  Accordingly, the exclusion of Hernandez’s testimony on the issue of
duress affected his substantial rights.  See Miller, 42 S.W.3d at
346-47.  Therefore, we sustain his second issue.




The judgment is reversed and this cause is
remanded for further proceedings consistent with this opinion.

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Reversed and remanded

Opinion delivered and
filed March 29, 2006

Publish

[CRPM]









[1]
          Because Hernandez’s decision to
plead guilty followed on the heels of the court’s ruling on the admissibility
of his testimony and because this ruling excluded the only evidence he offered
on the affirmative defense of duress, we conclude that his guilty plea did not
operate to waive his right to complain of the ruling.  See Sanchez v. State,
98 S.W.3d 349, 353-55 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d); see
also Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000) (“a valid
plea of guilty or nolo contendere ‘waives’ or forfeits the right to appeal a
claim of error only when the judgment of guilt was rendered independent of, and
is not supported by, the error”). 





[2]
          The internal quotations in this
and the following quotation are from Rule of Evidence 401.  See 1 Steven Goode et al., Texas Practice: Guide to
the Texas Rules of Evidence § 401.1 (3d ed. 2002) (quoting Tex. R. Evid. 401).





[3]
          Though we conclude that
Hernandez’s testimony on the issue of duress is relevant and admissible, we
express no opinion as to the credibility of the testimony.  See Miller v.
State, 42 S.W.3d 343, 347 (Tex. App.—Austin 2001, no pet.).

 





[4]
          Hernandez testified that he
suspected the Morales brothers were having him deliver drugs but he did not
know exactly what kind of drugs he was delivering.  See Nhem v. State,
129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (“In a
possession with intent to deliver case, the State must prove that the
defendant: (1) exercised care, custody, control, or management over the
controlled substance; (2) intended to deliver the controlled substance to
another; and (3) knew that the substance in his possession was a controlled
substance.”).  Thus, Hernandez “sufficiently admit[ted] to the commission of
the offense” to allow for the submission of an affirmative defense.  See Martinez v. State, 775 S.W.2d 645, 647 (Tex. Crim. App. 1989); East v. State,
76 S.W.3d 736, 738 (Tex. App.—Waco 2002, no pet.).