NO. 07-06-0066-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 27, 2007


 ______________________________



PAMELA RONALDA JACOBS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 43,762-C; HONORABLE PATRICK A. PIRTLE, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Pamela Ronalda Jacobs appeals the revocation of her community
supervision and sentence of 10 years in the Institutional Division of the Texas Department
of Criminal Justice and accompanying restitution. We will affirm the judgment and grant
counsel's motion to withdraw.

 Appellant was indicted for the offense of intoxicated assault with a vehicle. On April
25, 2002, appellant entered a plea of guilty to the offense. Appellant and her counsel
acknowledged she received and reviewed written admonishments. Appellant further
signed a judicial confession of her guilt to the offense as alleged in the indictment. Having
determined that appellant was mentally competent, and that her actions in court were freely
and voluntarily taken, the trial court accepted appellant's plea of guilty. In accordance with
the negotiated plea bargain, the trial court sentenced appellant to ten years imprisonment
suspended for ten years of community supervision and restitution. 

 In October 2003 and again in February 2004, the court continued appellant's
community supervision but modified its terms after she pled true to allegations in motions
the State filed to revoke it. The State filed an additional motion to revoke appellant's
community supervision in September 2005, and an amended motion in November 2005. 

 On January 9, 2006, the State filed its Second Amended Motion to Revoke Order
for Community Supervision. In its motion, the State alleged appellant failed to comply with
the conditions of her community supervision, specifically alleging six separate violations. 
On January 27, 2006, appellant entered her plea of true to five of the six allegations in the
Second Amended Motion. At the conclusion of the January 27, 2006 hearing, the trial
court found appellant had violated the conditions of her community supervision and
revoked it. The court ordered her to serve the original sentence imposed on her conviction. 

 Appellant's counsel has filed a brief stating that he has carefully reviewed the record
in this case and concludes there is no reversible error and that the appeal is frivolous. See
Anders v. California, 386 U.S. 738, 744-45 (1967). Counsel has also filed a motion to
withdraw in the case and, by letter, informed appellant of her right to file a pro se brief. 
Johnson v. State, 885 S.W.2d 641, 646 (Tex.App.-Waco 1994, pet. ref'd). By letter dated
July 10, 2006, this court also notified appellant of her opportunity to submit a response to
the Anders brief and motion to withdraw filed by her counsel, granting her until August 9,
2006 to do so. This court's letter also reminded appellant to contact her counsel if she
needed to review any part of the appellate record to prepare a response. Appellant has
not filed a brief or other response. 

 We have independently examined the entire record in the case to determine
whether there are any non-frivolous grounds which might support the appeal. (1) See Penson
v. Ohio, 488 U.S. 75 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 
We have found no such grounds. After reviewing the record before us and counsel's brief,
we agree with counsel that the appeal is frivolous. See Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the judgment is affirmed.



 James T. Campbell

 Justice




Do not publish.
1. Our review is limited, though, to any issues related to revocation of appellant's
community supervision. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999).



ourt is obligated to instruct the jury on
the matter. East v. State, 76 S.W.3d 736, 738 (Tex. App.-Waco 2002, no pet.); Gilmore
v. State, 44 S.W.3d 92, 96-97 (Tex. App.-Beaumont 2001, pet. ref'd); Anderson v. State,
11 S.W.3d 369, 372 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd); accord, Young v.
State, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999) (holding that to raise the defense of
necessity, the accused must admit that he committed the offense and then offer necessity
as a justification). 

 Issue Three - Legal and Factual Sufficiency

 Through his last issue, appellant argues that the evidence was legally and factually
insufficient to support his conviction. That is, he does not question whether the victim of
his assault was a public servant. Instead, he questions whether he assaulted the victim
as required by penal statute. We overrule the point. 

 The applicable standards of review are well-settled and adequately discussed in
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Sims v.
State, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003), Zuliani v. State, 97 S.W.3d 589, 593-94
(Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000). 
We refer the litigants to those opinions for an explanation of the relevant standards.

 Next, it is a felony to assault a person who the actor knows is a public servant while
that person is lawfully discharging an official duty. Tex. Pen. Code Ann. §22.01(b)(1)
(Vernon 2003). Furthermore, one commits an assault when he intentionally, knowingly,
or recklessly causes bodily injury to another. Id. at §22.01(a)(1). Though the term "bodily
injury" includes physical pain, illness, or any impairment of physical condition, id. at
§1.07(a)(8), it should be construed rather broadly to encompasses even relatively minor
physical contact, as long as that contact is more than mere offensive touching. Wawrykow
v. State, 866 S.W.2d 96, 99 (Tex. App.-Beaumont 1993, no pet.). 

 Here, the State indicted appellant for assaulting Dustin Lee Aven by "grabbing him
around the neck and putting him in a headlock." According to the record, Aven was
performing his duties as a guard of the prison facility in which appellant was incarcerated. 
Furthermore, Aven testified that appellant 1) was belligerent and did not want to
accompany him to another area of the facility when directed to do so, 2) stated that if Aven
laid hands on him, he would "whoop his bitch ass," 3) doubled both fists, 4) pulled away
from Aven and another officer, and 5) jerked away and placed Aven in a headlock after
Aven tried to physically coerce appellant into complying with the directive. Other evidence
illustrates that appellant's act resulted in Aven suffering a bruise or abrasion near his eye. 
From the foregoing, a rational jury could have found beyond reasonable doubt that
appellant intentionally or knowingly caused Aven to suffer bodily injury. See Wawrykow
v. State, 866 S.W.2d 87, 90 (Tex. App.-Beaumont 1993, pet. ref'd) (finding that the
appellant's belligerent attitude and pushing the officer was legally sufficient evidence of
an assault). Additionally, that appellant denied engaging in the act merely created an
issue of fact for the jury to resolve. It could have chosen to believe appellant or Aven. That
it chose to credit Aven's testimony does not render the verdict clearly wrong or manifestly
unjust. In short, the evidence of guilt is neither legally nor factually insufficient to support
the jury's verdict. 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003).