In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00055-CR


______________________________




BYRON VAUGHN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 32905-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Byron Vaughn appeals from his conviction for injury to a child, enhanced by prior felony
convictions. The jury found Vaughn guilty of injury to S.B. and assessed punishment at thirty-five
years' imprisonment. The trial court sentenced Vaughn consistent with the jury's verdict. On appeal,
Vaughn argues the trial court erred by denying Vaughn's request for an instruction on defense of a
third person and by failing to require the State to elect one of the two counts alleged in the
indictment. 

 The charges in this case result from injuries sustained by S.B., who was thirteen at the time,
when she attempted to defend her aunt, Melinda Williams, from Vaughn. Vaughn was Williams'
boyfriend and resided with Williams. (1) Vaughn's daughter, who was approximately four or five years
old at the time, and several other children (Williams' children and two of Williams' nieces) were
arguing over the television. In addition, one of Williams' children had eaten some of Vaughn's
daughter's cookies. When Vaughn's daughter complained to Vaughn that the other children were
picking on her, Vaughn and Williams got into an argument, which escalated to a physical altercation
in the kitchen. S.B. testified that, when she entered the kitchen,Williams was pinned against the wall
and Vaughn had his hands around Williams' throat. S.B. testified that, out of concern for her aunt's
safety, she hit Vaughn in the back of the head. According to S.B., Vaughn pinned her to the floor
and started hitting her in the mouth. S.B.'s lip was cut and bled profusely. 

 Vaughn testified to a slightly different version of the events. According to Vaughn, he and
Williams got into an argument and he "put his hand in [Williams'] face." At this point, S.B. jumped
on Vaughn's back and both Vaughn and S.B. fell to the ground. Vaughn testified he observed
Williams' daughter "going for [his] daughter" and picked up his daughter. After Vaughn picked up
his daughter, Vaughn testified that Williams, Williams' oldest daughter, and S.B. started kicking and
hitting him. Vaughn testified he merely covered his daughter up and denied ever hitting S.B. 

I. Vaughn Was Not Entitled to an Instruction on Defense of a Third Person

 In his first point of error, Vaughn claims the trial court erred in denying his request for an
instruction on defense of a third person. According to Vaughn, there was some evidence at trial
which raised a plausible claim of defense of a third party, his daughter. Vaughn argues it is the most
basic instinct for a parent to protect his or her child and that his protection of his daughter was not
an unreasonable action. 

 The State argues that this issue is not preserved for our review. If there is error, whether error
was preserved determines the harm analysis we must conduct. See Almanza v. State, 686 S.W.2d
157, 172 (Tex. Crim. App. 1984) (op. on reh'g); Grider v. State, 139 S.W.3d 37, 38-39 (Tex.
App.--Texarkana 2004, no pet.). At trial, the defense requested an instruction on self-defense. The
trial court and the parties then briefly discussed the issue. According to the State, the defense's
request is inadequate to raise the issue of defense of a third person. It is not necessary for us to
decide this issue because the trial court did not err in denying the instruction. 

 A person is justified in using force against another when and to the degree he or she
reasonably believes the force is immediately necessary to protect a third person against the assailant's
use or attempted use of unlawful force. See Tex. Pen. Code Ann. § 9.33 (Vernon 2003); see also
Tex. Pen. Code Ann. § 9.31 (Vernon 2003). A defendant has the burden of producing some
evidence to support a claim of self-defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App.
2003). Once the defendant produces such evidence, the State then bears the burden of persuasion
to disprove the raised defense. Id. The burden of persuasion is not one that requires the production
of evidence; rather, the State need only prove its case beyond a reasonable doubt. Id. When a
fact-finder determines that the defendant is guilty, there is an implicit finding against the defensive
theory. Id.

 In determining whether the court erred by refusing the instruction, we must determine
whether there is evidence to justify giving the instruction to the jury. If the evidence raises the issue,
the defendant is entitled to have this issue submitted to the jury. Riddle v. State, 888 S.W.2d 1, 6
(Tex. Crim. App. 1994). "[A]n accused has the right to an instruction on any defensive issue raised
by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and
regardless of what the trial court may or may not think about the credibility of the defense." Hamel
v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). A defendant's testimony alone may be
sufficient to raise a defensive issue. Hayes v. State, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987);
Rodriguez v. State, 544 S.W.2d 382, 383 (Tex. Crim. App. 1976).

 However, to raise the issue of defense of a third person, the defendant must first admit, or
substantially admit, "committing the conduct which forms the basis of the indictment; the defense
is inconsistent with a denial of the conduct." See East v. State, 76 S.W.3d 736, 738 (Tex.
App.--Waco 2002, no pet.); see also Young v. State, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999);
Kimbrough v. State, 959 S.W.2d 634, 640 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd). While
the defendant need not admit the commission of every statutory element of the offense, he or she
must admit committing the conduct giving rise to the indictment. See Jackson v. State, 110 S.W.3d
626, 631 (Tex. App.--Houston [14th Dist.] 2003, pet. ref'd). Because Vaughn affirmatively denied
ever hitting S.B., the evidence failed to raise the issue. The trial court did not err in denying the
defense request for an instruction on defense of a third person. We overrule Vaughn's first point of
error.

II. The State Was Not Required to Elect on Which Count to Proceed

 Vaughn argues, in his second point of error, that the trial court erred in failing to require the
State to elect one of the two counts alleged in the indictment. The indictment provides, in pertinent
part, as follows :

 BYRON DENELL VAUGHN, hereinafter called DEFENDANT, did then and there

Paragraph A

 intentionally or knowingly cause bodily injury to [S.B.], a child 14 years of age or
younger, by hitting or striking the said [S.B.] with the hands or fists of the defendant,

Paragraph B

 . . . recklessly cause bodily injury to [S.B.], a child 14 years of age or younger, by
hitting or striking [S.B.] with the hands or fists of the defendant . . . .


According to Vaughn, the trial court's refusal to require the State to elect resulted in harm as
evidenced by a note returned by the jury. The note reflects there was a split among the jurors as to
guilt on each count. The trial court instructed the jury that the verdict must be unanimous, and the
jury ultimately returned a finding of guilt on Paragraph A. Vaughn's argument fails for two reasons:
(1) there was no timely and proper request for an election, and (2) the State was not required to elect.
 According to Vaughn, the defense moved to require the State to elect a count to submit to
the jury for a verdict. The trial court overruled the defense motion. While defense counsel did use
the word "elect," it is apparent from the context that defense counsel was not requesting the State
to elect between the two counts in the indictment. While discussing the proposed charge, the
following colloquy occurred: 

 [The Court]: . . . I've included an instruction on other acts. Basically, I was looking
at that as to the potential testimony of assault family violence on [Williams],
and I have prefaced that on how the jury can consider it either through
motive, intent, preparation, knowledge or absence of mistake or accident on
the defendant's part.


 [Defense Counsel]: Judge, I think in that paragraph the State needs to elect or
choose a specific reason that evidence comes in. I think that's just overly
broad, that if they want to choose one of those, that's fine, but I just think
when they -- an extraneous offense has come in, the State needs to be specific
why they're bringing that offense forward. 


Defense counsel merely argued the State needed to elect which purpose--motive, intent, preparation,
knowledge, or absence of mistake or accident--for which the jury could consider the extraneous
evidence of Vaughn's assault on Williams. Vaughn did not request the State to elect between the
counts alleged in the indictment. By not raising this issue in the trial court, any error is procedurally
defaulted. 

 When separate criminal acts are alleged, an election is necessary. In Phillips v. State, the
Texas Court of Criminal Appeals reaffirmed its holding in O'Neal v. State, 746 S.W.2d 769, 770
(Tex. Crim. App. 1988), that in such an instance a trial court "errs by failing to have the State elect
at the close of its evidence when properly requested by the defense." Phillips v. State, 193 S.W.3d
904, 909 (Tex. Crim. App. 2006). 

 Here, even if defense counsel had requested an election after the close of the evidence, the
State would not have been required to elect. If the charging instrument contains separate paragraphs
alleging different means of committing the same offense, an election is not required. Aguirre v.
State, 732 S.W.2d 320, 326 (Tex. Crim. App. 1987) (op. on reh'g); see Barfield v. State, 202 S.W.3d
912, 915 (Tex. App.--Texarkana 2006, pet. ref'd). The only difference between Paragraph A and
Paragraph B of the indictment is the mens rea required. Paragraph A requires Vaughn to have
intentionally or knowingly caused bodily injury to S.B.; Paragraph B requires Vaughn to have merely
recklessly caused bodily injury. Under the Texas Penal Code, injury to a child committed
intentionally or knowingly is a first-degree felony, but injury to a child committed recklessly is a
second-degree felony. Tex. Pen. Code Ann. § 22.04(e) (Vernon Supp. 2006). The criminal act
alleged by both paragraphs is the same. When only one crime is alleged and only one act created that
crime, there is no need for an election. See Bethany v. State, 152 S.W.3d 660, 666-67 (Tex.
App.--Texarkana 2004, pet. ref'd). Even if error had been preserved, the State was not required to
elect. We overrule Vaughn's second point of error.

 For the reasons stated, we affirm the judgment of the trial court.


 Jack Carter

 Justice


Date Submitted: January 29, 2007

Date Decided: May 11, 2007


Do Not Publish 

1. In a related appeal, Vaughn v. State, cause number 06-06-00040-CR, also decided this day,
we likewise affirm Vaughn's conviction for felony assault on Williams involving family violence.