In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00050-CR


______________________________




MICHAEL ANTHONY PARKER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 06-0343X




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 A jury found Michael Anthony Parker guilty of assault on a public servant and resisting
arrest. In accordance with the jury's assessment of punishment, the trial court sentenced Parker to
ten years' imprisonment on the assault count and one year in the county jail for the resisting arrest
count. Parker now appeals his conviction, contending in a single issue that the trial court erred by
failing to instruct the jury on the issue of self-defense. We overrule this point of error and affirm the
trial court's judgment.

 Before promulgating its charge, the trial court allowed both the State and Parker the
opportunity to raise any objections either had to the trial court's proposed jury charge. The State
raised no issues. Parker raised a single issue: he argued before the trial court that "there should be
a clause in here dealing with the excessive force by the officers that would give Mr. Parker the
affirmative defense to protect himself in the scuffle that is the point of these charges." The State
countered that Parker was not entitled to a self-defense instruction because he had not admitted to
the conduct underlying the State's charges. The trial court ultimately denied Parker's requested
instruction. 

 A defendant is entitled to a jury instruction regarding any defensive issue raised by the
evidence, regardless of whether such evidence is strong or weak, direct or indirect, persuasive or
unbelievable, uncontradicted or impeached. See Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim.
App. 1993). However, Texas law is well settled that a defendant may not obtain a jury instruction
on the law of self-defense unless the defendant first admits to having committed the charged act. 
See, e.g., Modica v. State, 151 S.W.3d 716, 729 (Tex. App.--Beaumont 2004, pet. ref'd), cert.
denied, 126 S.Ct. 2895 (2006); Ford v. State, 112 S.W.3d 788, 794 (Tex. App.--Houston [14th
Dist.] 2003, no pet.); Hill v. State, 99 S.W.3d 248, 251 (Tex. App.--Fort Worth 2003, pet. ref'd);
East v. State, 76 S.W.3d 736, 738-39 (Tex. App.--Waco 2002, no pet.); Gilmore v. State, 44
S.W.3d 92, 96-97 (Tex. App.--Beaumont 2001, pet. ref'd).

 Parker was formally charged by indictment with "intentionally, knowingly, or recklessly
caus[ing] bodily injury to Jeanine Nixon, by throwing her to the ground" when he knew Nixon was
a public servant who was lawfully attempting to arrest Parker. Parker pleaded not guilty to the
charges of assault on a public servant and resisting arrest. Several times during his testimony, Parker
denied throwing Officer Nixon to the ground. "That never even occurred," testified Parker. 
Nowhere else in his testimony did Parker ever admit to having committed the conduct that was the
subject of the State's indictment. Because Parker neither directly nor indirectly admitted to engaging
in the conduct alleged in the indictment, he was not, as a matter of law, entitled to an instruction
regarding self-defense. The trial court properly denied Parker's requested self-defense instruction. 


 We overrule Parker's sole point of error and affirm the trial court's judgment.





 Bailey C. Moseley

 Justice



Date Submitted: August 15, 2007

Date Decided: August 24, 2007


Do Not Publish