NO._____
IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

---

NO. 14-13-00682-CR
NO. 14-13-00683-CR
NO. 14-13-00684-CR
IN THE COURT OF APPEALS FOR THE
FOURTEENTH DISTRICT OF TEXAS
AT HOUSTON

---

TRIAL COURT CAUSE NOS. 1324897, 1324898 & 1324899
IN THE 351ST DISTRICT COURT
OF HARRIS COUNTY, TEXAS

---

MARK DOUGLAS ROBISON,
*Appellant*

VS.

THE STATE OF TEXAS,
*Appellee*

---

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

Nicole DeBorde
Bires Schaffer and DeBorde
SBOT 00787344
712 Main Street, Suite 2400
Houston, Texas 77002
(713) 228-8500 – telephone
(713) 228-0034 – facsimile
Nicole@BSDLawFirm.com

Attorney for Appellant
MARK DOUGLAS ROBISON

**ORAL ARGUMENT REQUESTED**

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. PROC. 68.4(c), appellant requests oral argument.

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................... ii

INDEX OF AUTHORITIES...............................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ...............................................vi

STATEMENT OF THE CASE............................................................................vi

STATEMENT OF PROCEDURAL HISTORY....................................................... vii

GROUND FOR REVIEW NUMBER ONE............................................................6

> Is the denial of admission of books, which were authored by Appellant and which outlined Appellant's affirmative defense, into evidence constitutional error requiring the Court of Appeals to determine whether it was satisfied that the error did not contribute to Appellant's conviction beyond a reasonable doubt?

ARGUMENT .................................................................................................7

GROUND FOR REVIEW NUMBER TWO............................................................8

> In Penry v. State, Cook v. State and Estrada v. State, did this Court, by deciding that a contemporaneous objection is always required to preserve prosecutorial misconduct for appellate review, decide an important question of state law in conflict with the Supreme Court of United States which holds that prosecutorial misconduct is fundamental error?

ARGUMENT ...............................................................................................9

PRAYER FOR RELIEF ................................................................................13

1

CERTIFICATE OF COMPLIANCE ......................................................................14

CERTIFICATE OF SERVICE ............................................................................15

APPENDIX ...................................................................................... A-1

# INDEX OF AUTHORITIES

**CASES**                                                                  **PAGE**

*Cockrell*, 933 S.W.2d 73, 89 (Tex.Crim.App.1996)................................................10

*Coe v. State*, 683 S.W.2d 431, 436 (Tex. Crim. App. 1984)..................................10

*Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993)..................................8

*Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986)......7

*Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974))...............................................................................................................11

*Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010)..............................8

*Hajjar v. State*, 176 S.W. 3d 554, 566 (Tex. App.—Houston [1st. Dist] 2004, pet. ref'd).................................................................................................................9

*Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S.Ct. 1727, 1731, 164 L.Ed.2d 503 (2006)..........................................................................................................7

*Holmes v. State*, 323 S.W.3d 163, 173-74 (Tex. Crim. App. 2009).........................7

*Parker v. Matthews*, 132 S. Ct. 2148, 2155, 183 L. Ed. 2d 32 (2012)....................11

*Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995).................................8

*Robison v. State*, No. 14-13-00682-CR, --S.W.3d--, 2015 WL 293269, at *9 (Tex. App.—Houston [14th Dist.] Jan. 22, 2015, no pet h.)..............................................9

*Woodfox v. Cain*, 609 F.3d 774, 806 (5th Cir.2010)...............................................11

*Willis v. State*, 785 S.W.2d 378, 385 (Tex. Crim. App. 1989)................................11

## STATUTES AND RULES

Tex. R. App. Proc. 25.2........................................................................6

Tex. R. App. P. 66.3............................................................................8

Tex. R. App. Proc. 68.4.......................................................................1

**TO THE COURT OF CRIMINAL APPEALS:**

## STATEMENT OF THE CASE

An investigation conducted by Investigator Nassar Foty of the Harris County Precinct 4 Constable's office resulted in Appellants conviction for three counts of possession of child pornography. (III R.R. at 21; V. R.R. at 25). Foty obtained a search warrant after identifying child pornography available for sharing through Appellant's IP address. (III R.R. at 21). The search yielded images and video consistent with child pornography. (IV R.R. at 20). Appellant testified at trial that he possessed the material at issue for a bona fide educational purpose. (IV R.R. at 53). Appellant attempted to introduce two books he wrote to show that he was studying child pornography because he wanted to write solutions in the more recent book on how to solve the real problem of children being abused. (IV R.R. at 66, 84, 86-88). The trial court sustained the State's objection and excluded admission of both books, preventing Appellant from presenting the affirmative defense of possession of child pornography for a bona fide educational purpose. (IV R.R. at 66, 86-88).

## STATEMENT OF PROCEDURAL HISTORY

On December 19, 2011, Appellant was charged by indictment with three counts of Possession of Child Pornography in Cause Nos. 1324897, 1324898, and 1324899. (C.R. at 17 for Cause No. 1324897; C.R. at 16 for Cause No. 1324898;

5

C.R. at 14 for Cause No. 1324899).  Appellant was brought to trial on June 17, 2013.  (II R.R. at 1).  Appellant entered a plea of not guilty to all charges.  (III R.R. at 6).  The jury found Appellant guilty of all three charges of Possession of Child Pornography. (V. R.R. at 25).  The jury assessed his punishment for all three cases at confinement in the Texas Department of Criminal Justice for 10 years and a fine of $10,000 and recommended that the sentences be probated.  (VII R.R. at 4-5). Appellant gave timely notice of appeal in accordance with Tex. R. App. Proc. 25.2(a)).  (C.R. 138-139, 153 for Cause No. 1324897; C.R. 136-37, 152 for Cause No. 1324898; C.R. 134-35, 150 for Cause No. 18324899

On January 22, 2015, the Fourteenth Court of Appeals affirmed the judgments of the trial court.  *Robison v. State*, No. 14-13-00682-CR, --S.W.3d--, 2015 WL 293269, at *9 (Tex. App.—Houston [14th Dist.] Jan. 22, 2015, no pet h.).  No motion for rehearing was filed.  Appellant now timely petitions this Honorable Court for discretionary review.

Appellant presents two (2) grounds for review before this Honorable Court.

<u>APPELLANT'S FIRST GROUND FOR REVIEW</u>

**Is the denial of admission of books, which were authored by Appellant and which outlined Appellant's affirmative defense, into evidence constitutional error requiring the Court of Appeals to determine whether it was satisfied that the error did not contribute to Appellant's conviction beyond a reasonable doubt?**

6

## ARGUMENT

If the appellate record reveals a constitutional error the court must reverse a judgment of conviction, unless it determines beyond a reasonable doubt that the error did not contribute to the conviction. *Holmes v. State*, 323 S.W.3d 163, 173-74 (Tex. Crim. App. 2009). Appellant complained in Issue Number One of Appellant's Brief that the trial court's exclusion of Appellant's two books is reversible error because it denied him the right to present the affirmative defense of possession of child pornography for a bona fide educational purpose. *Robison v. State*, No. 14-13-00682-CR, --S.W.3d--, 2015 WL 293269, at *2 (Tex. App.—Houston [14th Dist.] Jan. 22, 2015, no pet h.). Specifically, Appellant complained that he had the right to present a defense under the Sixth Amendment to the United States Constitution and Article I, section 10 of the Texas Constitution. (*Appellant's Brief* at p. 9). The Court of Appeals conducted a nonconstitutional error harm analysis without deciding that the books should have been admitted. *Robison*, 2015 WL 293269, at *3.

Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants '*a meaningful opportunity to present a complete defense.*' " *Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S.Ct. 1727, 1731, 164 L.Ed.2d 503 (2006) (quoting *Crane v.*

7

*Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636) (1986) (emphasis added). The denial of the right to present a defense is constitutional error and the Court of Appeals erred by conducting a nonconstitutional harm analysis in Appellant's case after the trial court sustained the state's objection to the admission of Appellant's books.

In the instant case the Court of Appeals erred by limiting its review to whether the exclusion of the books affected Appellant's substantial rights instead of whether the Court was satisfied beyond a reasonable doubt that the error did not contribute to Appellant's conviction. The Court of Appeals analyzed harm under an incorrect legal standard because Appellant specifically complained that he was denied the right to present a defense, and the right to present a defense is constitutional error. The appropriate review in this circumstances pursuant to Tex. R. App. P. 66.3(c). This case should be remanded to the Court of Appeals to conduct a proper harm analysis.

<u>APPELLANT'S SECOND GROUND FOR REVIEW</u>

**In *Penry v. State*, *Cook v. State* and *Estrada v. State*, did this Court, by deciding that a contemporaneous objection is always required to preserve prosecutorial misconduct for appellate review, decide an important question of state law in conflict with the Supreme Court of United States which holds that prosecutorial misconduct is fundamental error?**

8

ARGUMENT

Appellant complained in Issue Number Three of Appellant's Brief that the prosecutor engaged in misconduct by asking improper questions and making improper comments during trial and closing argument. *Robison v. State*, No. 14-13-00682-CR, --S.W.3d--, 2015 WL 293269, at *9 (Tex. App.—Houston [14th Dist.] Jan. 22, 2015, no pet h.). Appellant complained the prosecutor engaged in prosecutorial misconduct: 1) by continuously questioning Appellant, and witnesses, regarding the invocation of Appellant's right to remain silent, and 2) by the improper use of Appellant's silence to impeach his trial testimony. (*Appellant's brief* at pg. 24). Appellant further complained the errors violated his fundamental right to a fair trial because the errors deprived him of the right to be free from compelled self-incrimination under the Texas and Federal Constitution and eviscerated his affirmative defense of possession of child pornography for a bond fide educational purpose, which was the sole contested issue during trial.

Citing *Hajjar v. State*, the Court of Appeals overruled the issue stating, "error regarding prosecutorial misconduct must be preserved by a timely objection at trial, followed by a ruling or a refusal to rule from the trial court." *Hajjar*, 176 S.W. 3d 554, 566 (Tex. App.—Houston [1st. Dist] 2004, pet. ref'd). *Hajjar*, which relies on *Cook v. State* and *Penry v. State*, stands for the proposition that an

objection is the proper method for preserving error in cases of prosecutorial misconduct. *Id*. *Hajjar's* reliance on *Cook* and *Penry* is misplaced.

In *Cook v. State*, this Court held that to preserve a jury argument error for appellate review the defendant must make an objection, request an instruction to disregard, and make a motion for mistrial. *Cook*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993) (citing *Coe v. State*, 683 S.W.2d 431, 436 (Tex. Crim. App. 1984). In *Penry v. State*, the defendant moved for a mistrial based on an improper jury argument made by the State but failed to make a contemporaneous objection or move for an instruction to disregard. *Penry*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995). Reliance on both of these cases is misplaced because the defendant in *Cook* and *Penry* alleged on appeal that the prosecutor's argument was improper but did not allege, as Appellant has, that prosecutorial misconduct had occurred. *Id*. at 473.

In *Estrada v. State*, this Court held the defendant failed to preserve for appellate review any error in the State's opening statement and closing argument when he failed to object or ask for a mistrial. *Estrada*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010). Defendant argued on appeal he was deprived of a fair trial because of repeated prosecutorial misconduct that occurred during the guilt innocence phase of his trial. *Id*. This Court declined to address the defendant's argument citing *Cockrell v. State* as the case that overruled the exception *Willis v.*

*State*. *Id*.; *Cockrell*, 933 S.W.2d 73, 89 (Tex.Crim.App.1996) (citing *Willis*, 785 S.W.2d 378, 385 (Tex. Crim. App. 1989); *overruling recognized by Estrada*, 313 S.W.3d at 303 (acknowledging a now overruled exception to the waiver rule for cases in which the prosecutor's argument is so egregious that no instruction to disregard could possibly cure the harm).

In *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986), the United States Supreme Court explained that a prosecutor's improper comments violates constitutional principals if it " 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). The Fifth Circuit has explained that to establish that the prosecutor's remarks were be so inflammatory as to violate due process, the defendant must demonstrate the misconduct was persistent and pronounced or the evidence of guilt was so insubstantial the conviction would not have occurred but for the improper remarks. *Woodfox v. Cain*, 609 F.3d 774, 806 (5th Cir.2010) (holding "Improper prosecutorial remarks are constitutionally unfair only if they are persistent and pronounced, or if the evidence is so weak that no conviction would have occurred but for the remarks."). In *Parker v. Matthews*, the United States Supreme Court stated that the Sixth Circuit erred by consulting its own precedents rather than the precedent set by the Supreme Court. 132 S. Ct. 2148, 2155, 183 L. Ed. 2d 32

11

(2012). In that case, the prosecutor made inappropriate remarks during closing argument constituting prosecutorial misconduct. *Id*. at 2154.

In this case, the Court of Appeals and this court erred by consulting its own precedents rather than the precedent set by the Supreme Court and the prosecutorial misconduct was persistent and pronounced which required the Court of Appeals to determine whether Appellant's due process rights were violated. The prosecutor repeatedly alluded to Appellant's silence both in argument and during the questioning of Appellant and his witnesses. The result was the denial of Appellant's right to testify free from improper impeachment and denial of a fair trial in violation of fundamental due process rights. Under *Parker* and *Darden*, an appellate court should conduct an analysis to determine whether the prosecutor's argument so infected the trial with unfairness as to make the resulting conviction a denial of due process rather than summarily dismissing the error because an objection was not made. If the reviewing court determines the prosecutor's misconduct did not infect the trial with unfairness then the contemporaneous objection rule should apply. However, if the reviewing court determines the remarks did infect the trial with unfairness then in accordance with United States Supreme Court precedent an objection should not be required to preserve the claim for appellate review.

In holding that prosecutorial misconduct always requires an objection to preserve review, the Court of Appeals and this Court has decided an important question law in a way that conflicts with the applicable decisions of the Supreme Court of the United States such that discretionary review in this matter is warranted pursuant to Tex. R. App. P. 66.3(c). Accordingly, review is warranted pursuant to Tex. R. App. P. 66.3(c).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Honorable Court grant this Petition for Discretionary Review. Following the grant of review, Appellant prays that the judgment of the Court of Appeals be reversed and a new trial ordered, or the case remanded for further review.

Respectfully submitted,

*/s/ Nicole DeBorde*
Nicole DeBorde
BIRES SCHAFFER AND DEBORDE
Texar Bar No. 00787344
712 Main Street, Suite 2400
Houston, Texas 77002
(713) 228-8500 – Telephone
(713) 228-0034 – Facsimile
Email: Nicole@BSDLawFirm.com

Attorney for Appellant,
MARK DOUGLAS ROBISON

13

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9 of the Texas Rules Appellate Procedure, the undersigned counsel of record certifies that the Petition for Discretionary Review contains 2,580 words.

/s/ Nicole DeBorde
Nicole DeBorde

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Appellant's petition for discretionary review has been either personally served upon or mailed by U.S. Postal Service certified mail, return receipt requested, on February 23, 2015, to the following persons:

Devon Anderson
District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002

State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

<div style="margin-left: 50%;">

Respectfully submitted,


*/s/ Nicole DeBorde*
Nicole DeBorde

</div>

**A P P E N D I X**



In The

# Fourteenth Court of Appeals

---

NO. 14-13-00682-CR
NO. 14-13-00683-CR
NO. 14-13-00684-CR

---

## MARK DOUGLAS ROBISON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause Nos. 1324897, 1324898 & 1324899**

---

## MAJORITY OPINION

This is an appeal of a three-count conviction for possession of child pornography. We consider the following issues: (1) whether the trial court reversibly erred when it excluded evidence in support of appellant's affirmative defense; (2) whether appellant was denied the effective assistance of trial counsel;

and (3) whether the prosecutor engaged in certain forms of misconduct. We overrule all three issues and affirm the trial court's judgment.

## BACKGROUND

Appellant became a suspect in this case after authorities found that his personal computer had accessed a peer-to-peer network that trafficked in child pornography. Activity on the network indicated that appellant was sharing, or had previously downloaded, a picture of a child engaged in a sexual act. Based on that finding, police obtained a warrant to search appellant's residence for evidence of child pornography. The warrant was executed in October of 2011.

When they arrived on scene, police removed appellant from the premises, but they did not immediately place him under arrest. Appellant was detained in a vehicle outside, where police conducted an informal interview. During the investigative detention, appellant was asked about his profession, and he explained that he worked in the IT field as a computer programmer. When the questions turned to the subject of peer-to-peer networks, appellant terminated the interview and requested to speak with an attorney.

During their search, police found a folder on appellant's personal computer containing thousands of files of child pornography. The State elected to prosecute appellant for possessing just three of the files, two of which were videos and the third a still photograph. Appellant admitted at trial that he knowingly possessed the files, but he claimed that his possession was legally excused because he was using the files for a bona fide educational purpose.

Appellant's defensive theory was that he was trying to understand the scope of child sexual abuse so that he could propose a solution to the problem. Appellant supported his theory with testimony about how his own life had been affected by

2

sexual abuse and the efforts he had taken to raise public awareness of the issue. Appellant testified, for instance, that his wife and cousin were sexually abused, and that their stories helped him realize that he too was once abused as a child.

When appellant first learned of his wife's abuse in 1990, one of his earliest responses was to "get [his] emotions out" by writing poetry. In 1992, appellant self-published a collection of poems in a book entitled *Man to Man: Poems for Men*. Some of the poems addressed themes such as "right and wrong" and "nastiness" in the world. One poem also specifically referenced the abuse suffered by appellant's wife. None of the poems expressly broached the subject of child pornography.

In 2013, after appellant was indicted but before his trial had commenced, appellant and his wife co-authored an educational book, which they self-published under the title, *HELP US PLEASE: What YOU Can Do To Eradicate Sexual Abuse and Child Pornography*. The book was divided into three parts. In Part One, appellant and his wife described their own histories of sexual abuse and the pervasiveness of child pornography on the internet. In Part Two, they focused on the problems associated with child sexual abuse, including the harm to the child and the societal constructs that contribute to the proliferation of child pornography. They argued that one of the worst problems is the failure of governments to prioritize; they opined that governments should focus more on stopping the people who inflict actual harm against children, instead of prosecuting those who merely view child pornography. In Part Three, appellant and his wife proposed several ideas that both individuals and governments should take to solve such problems.

Appellant offered each of his books into evidence, but the trial court excluded them both. Appellant was allowed, however, to testify about the contents of the books and his thought processes as he created them.

3

In addition to his writings, appellant testified that he tried to increase awareness of child sexual abuse through other forms of media. After being indicted, appellant co-hosted a radio program that discussed the subject of child sexual abuse. With the assistance of his wife, he also created a website, which he dubbed the "Museum of Sexual Abuse." The purpose of the website was to provide visitors with a forum to submit personal stories of abuse. Appellant's idea was that "abuse belongs in a museum, not in our lives." The website was founded after appellant's indictment, but by the time of trial, it had never been updated.

The State questioned the sincerity of appellant's affirmative defense. The State observed that appellant never approached law enforcement before he decided to investigate child pornography, even though appellant knew that the online distribution of child pornography was frequently tracked by law enforcement. Appellant also made no effort to contact a university, a peer review group, or an attorney for guidance before or during his alleged research. Despite his asserted passion for ending child sexual abuse, appellant failed to even alert his wife about his desire to research the issue. When authorities executed the search warrant, appellant's wife told investigators that she was unaware that appellant had been downloading child pornography.

The State drew attention to other omissions. It noted, for instance, that appellant saved thousands of pornographic images to his computer, but no scholarly articles about the issue. The State also emphasized that appellant chose to remain silent during the execution of the search warrant, rather than explain to investigators that he possessed the child pornography for a bona fide educational purpose. In a similar manner, the State emphasized that appellant never mentioned his affirmative defense to prosecutors during several pretrial hearings.

## EXCLUSION OF EVIDENCE

In his first issue, appellant argues that the trial court reversibly erred when it refused to admit his two books into evidence. Appellant suggests that the two books were essential to establishing his affirmative defense. We analyze the trial court's ruling with respect to each book separately.

### A.    The Book of Poetry

Appellant offered the book of poetry for a single reason: to show that he had an interest in spreading his message in written form. The State objected on the basis of relevancy and hearsay. Appellant responded that he was not offering the book for the truth of the matter asserted; he even assured the trial court that he had no plans to discuss the meanings of individual poems. Appellant merely intended to show that he was trying "to get the word out." The trial court sustained the State's objection.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *See Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). A trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to guiding rules or principles. *See State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).

Assuming for the sake of argument that the trial court abused its discretion by excluding the book of poetry, the trial court's error is subject to a harm analysis for nonconstitutional error. *See Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007). Under this standard, error must be disregarded unless it affected the defendant's substantial rights. *See* Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *See Schmutz v. State*, 440 S.W.3d 29, 39 (Tex. Crim. App. 2014). If

5

the error had no or only a slight influence on the jury's verdict, the error is harmless. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). An appellate court should consider "everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *See Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). Other important factors include the jury instructions, the State's theory and any defensive theories, closing arguments, and even voir dire, if applicable. *See Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

After the trial court excluded the book of poetry, appellant explained to the jury that he wrote the book to cope with the emotional turmoil of realizing that his wife had been sexually abused as a child. Appellant testified further that his poetry clarified his thoughts about both child sexual abuse and child pornography. It is apparent from this testimony that appellant was fully able to establish that he had an interest in writing about child sexual abuse, which in turn supported his theory that he possessed the child pornography for a bona fide educational purpose. *Cf. Johnson v. State*, 925 S.W.2d 745, 749 (Tex. App.—Fort Worth 1996, pet. ref'd) (exclusion of evidence is harmless if the nature of the evidence is established through other means). Because appellant further claimed that he had no intentions of discussing the contents of his book, we can reasonably determine that the exclusion of the book had no or, at most, only a slight influence on the jury's verdict.

## B.    The "HELP US PLEASE" Book

When appellant offered his second book into evidence, the State objected that it was hearsay and "a little too voluminous." Appellant responded again that

he was not offering the book for the truth of the matter asserted. Rather, he argued that the book was "directly relevant" to his affirmative defense. The trial court expressed "great concerns about its admissibility," and ultimately decided to withhold a ruling until appellant provided some case law demonstrating that the book was admissible.

On the next day of trial, appellant advised the trial court that he could not find any case law on point but that he would like to resubmit the book for admission into evidence. The court denied the request.

The State asserts that error has not been preserved because appellant "failed to provide the legal basis for the admission of the evidence, as clearly requested by the trial judge." The State's argument appears to be that appellant waived any complaint for appellate review because he did not cite to any case law when he offered his book into evidence.

The standard for error preservation is set forth in Rule 33.1 of the Rules of Appellate Procedure. That rule provides that the complaining party must have made a timely request to the trial court, stating the grounds for the ruling sought, and the trial court must have ruled on the request or refused to rule. The Court of Criminal Appeals has interpreted this rule to require a party complaining about an evidentiary matter to do "everything necessary to bring the relevant evidentiary rule and its precise and proper application to the trial court's attention." *See Resendez v. State*, 306 S.W.3d 308, 312–13 (Tex. Crim. App. 2009).

Although we agree with the notion that case law can be useful when offering an exhibit into evidence, we are not aware of any rule—and the State has cited to none—requiring the proponent of the evidence to cite to binding authority before he can preserve a complaint for appellate review. Rule 33.1 requires only that the complaining party make known to the trial court the grounds for the ruling he

7

seeks and that he obtain an adverse ruling. In this case, appellant's counsel clearly presented the legal basis for admitting the book into evidence. Counsel argued as follows:

> It's directly relevant as to our affirmative defense as to educational use. [Appellant] has published a document relating to this. The jury can weigh the credibility as to whether it's bona fide or not. But he specifically talks about child pornography, specifically talks about child sexual abuse, references acts that are—most people would classify as that. So, it's part and parcel of our defense.

Counsel's argument invoked Rule 401 of the Rules of Evidence, which permits the admission of "relevant evidence." We conclude that appellant sufficiently stated his reasons for offering his book into evidence, and that appellant preserved his complaint for appellate review.

Assuming without deciding that the book should have been admitted, we conclude that any error in the trial court's decision to exclude the book was harmless. *See* Tex. R. App. P. 44.2(b). The jury heard a substantial amount of testimony that appellant desired to educate the public about child sexual abuse and child pornography. Appellant's book was just one of several means of achieving that goal. Outside of the book, appellant produced undisputed evidence that he co-hosted a radio program and created a website, both of which were intended to spread awareness of the issues. Appellant's involvement with these media occurred after his indictment, near the same time that he and his wife had self-published their book. Thus, even without the book having been admitted into evidence, the jury was still able to consider whether appellant possessed the child pornography for a bona fide educational purpose.

Furthermore, appellant presented live testimony about nearly every subject covered in his book. This testimony included the abuse that he and his wife had

8

suffered as children, his asserted opposition to child sexual abuse and child pornography, and his criticism of the government's approach to combatting these problems. Admission of the book would have been cumulative of this evidence. *Cf. Jefferson v. State*, 900 S.W.2d 97, 102 (Tex. App.—Houston [14th Dist.] 1995, no pet.) (exclusion of police report was held harmless where contents of report had already been established through live testimony of witnesses); *see also Lindsay v. State*, 102 S.W.3d 223, 230 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (exclusion of cumulative evidence is harmless).

## C.   *Miller* Distinguished

Appellant asserts that the trial court's errors were harmful and that the outcome of this case should follow *Miller v. State*, 42 S.W.3d 343 (Tex. App.—Austin 2001, no pet.) (op. on remand). In *Miller*, the defendant admitted that she had delivered drugs to an undercover officer, but she claimed that she was acting under duress because a pimp had threatened her with physical violence. *Id.* at 344. The trial court permitted the defendant to testify that the pimp had assaulted her on a previous occasion, but it precluded the defendant from testifying that the pimp had beaten her in the hours immediately following the delivery. *Id.* at 345. The court of appeals held that the exclusion was harmful because the defendant had the burden of persuasion and the trial court's ruling prevented her from showing that she was acting under a constant state of duress. *Id.* at 347.

Appellant's case is distinguishable from *Miller*. Here, appellant had the opportunity to present live testimony about every facet of his affirmative defense, whereas the defendant in *Miller* did not. We conclude that the trial court's errors, if any, were harmless because appellant was still allowed an opportunity to persuade the jury that he had an interest in writing about child sexual abuse and that he possessed the child pornography for a bona fide educational purpose.

9

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, appellant contends that he was denied the effective assistance of trial counsel. Appellant asserts that counsel's performance was constitutionally deficient in two ways: first, by failing to strike certain venirepersons who had demonstrated a bias; and second, by allowing evidence of silence to be elicited at trial.

We examine claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the defendant must prove that his trial counsel's representation was deficient, and that the deficient performance was so serious that it deprived him of a fair trial. *Id.* at 687. Counsel's representation is deficient if it falls below an objective standard of reasonableness. *Id.* at 688. A deficient performance will only deprive the defendant of a fair trial if it prejudices the defense. *Id.* at 691–92. To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697. This test is applied to claims arising under both the United States and Texas Constitutions. *See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986).

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that counsel's actions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to counsel's strategy, we will not conclude that the defendant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.

10

Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the defendant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination. *See McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994), Moreover, it is not sufficient that the defendant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *See Mata*, 226 S.W.3d at 430. Rather, to establish that counsel's acts or omissions were outside the range of professionally competent assistance, the defendant must show that counsel's errors were so serious that he was not functioning as counsel. *See Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

## A. Bias in the Venire Panel

During voir dire, counsel questioned the venire panel about its attitude towards affirmative defenses and whether it could ever excuse a person's

possession of child pornography if so authorized by law. One member of the panel responded as follows:

| | |
|---|---|
| Venireperson: | I don't know. I don't know. |
| Counsel: | Okay. |
| Venireperson: | Well, the thing is it's so—like, I have a 10-month old, I mean, there's such a big range in age between a child so is there—to me, I guess, a little child, I don't think there should be any defense. |
| Counsel: | I can't be more specific than that. There should be affirmative defenses, yes or no? |
| Venireperson: | Yes. |

Another member of the panel answered "maybe." Both venirepersons were seated on the jury.

Appellant contends that these two venirepersons were biased and that counsel acted unreasonably by not moving to strike them. A challenge for cause may be made on the basis that a venireperson has a bias against an applicable law upon which the defendant is entitled to rely. *See* Tex. Code Crim. Proc. art. 35.16(c)(2). Here, however, neither venireperson conclusively demonstrated a bias. The first venireperson initially indicated that she opposed affirmative defenses if a little child was involved, but she later agreed that there should be affirmative defenses. Her final answer showed that she was capable of following the law. Accordingly, the venireperson could not have been challenged for cause and any motion to strike her would have been futile. *See Brown v. State*, 913 S.W.2d 577, 580 (Tex. Crim. App. 1996) (if a venireperson testifies unequivocally that she can follow the law despite personal prejudices, then the trial court abuses its discretion by allowing a challenge for cause); *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) (ineffective assistance claim will not stand on allegation that counsel failed to engage in the filing of futile motions).

12

The second venireperson answered that the law should "maybe" allow for affirmative defenses in child pornography cases. This ambiguous response did not conclusively establish that the venireperson was incapable of following the law. *See Moore v. State*, 999 S.W.2d 385, 400 (Tex. Crim. App. 1999) (ambiguous answers do not conclusively establish cause to strike). The record is underdeveloped as to whether the venireperson exhibited a true bias. Accordingly, appellant has failed to prove that counsel acted unreasonably by failing to strike the venireperson for cause. *Cf. McCain v. State*, 995 S.W.2d 229, 245 (Tex. App.— Houston [14th Dist.] 1999, pet. ref'd) (ineffective assistance claim failed where record showed only that venireperson would have had a "problem sitting on the case" but neither counsel nor the court questioned the venireperson to determine whether she could listen to the evidence and follow the law as instructed).

Appellant has not carried his burden under *Strickland* of showing that counsel's performance was constitutionally deficient during voir dire.

## B. Comments About Silence

Appellant argues next that counsel acted unreasonably by allowing the prosecutor to elicit testimony that was critical of his silence. In a related complaint, appellant argues that counsel acted unreasonably by discussing the same evidence of silence on redirect examination. These complaints focus on appellant's silence during two stages of the criminal action, the first of which occurred during the execution of the search warrant, and the second during several pretrial hearings. We examine the evidence arising from each stage separately.

### 1. The Search Warrant

Several times during the trial, the prosecutor elicited testimony that appellant had refused to cooperate with investigators as the search warrant was being

executed. The prosecutor emphasized, for instance, that appellant never disclosed to investigators that he had been studying child pornography for a legitimate, educational purpose. The prosecutor also noted that appellant never offered to assist investigators by identifying which computers in his household contained the illicit files. The prosecutor insinuated from these omissions that appellant had been hiding something, and that his affirmative defense could not be believed.

Appellant asserts that he had a right to remain silent during the execution of the search warrant. He also contends that it was improper for the prosecutor to comment on that silence, and that counsel's performance was deficient because counsel failed to object to those comments. We disagree for the following reasons.

When a criminal defendant takes the stand in his own defense, the prosecutor may cross-examine him on relevant matters in an effort to ascertain the truth. *See Brown v. United States*, 356 U.S. 148, 156 (1958). The scope of cross-examination may even include evidence of the defendant's pre-arrest and pre-*Miranda* silence. *See Jenkins v. Anderson*, 447 U.S. 231, 238 (1980). The law is well-settled that such evidence may be admitted for purposes of impeachment without violating the defendant's Fifth Amendment right against self-incrimination. *See Salinas v. State*, 369 S.W.3d 176, 179 (Tex. Crim. App. 2012), *aff'd*, 133 S. Ct. 2174 (2013) (plurality op.) (requiring an express invocation of the right to remain silent).

Here, the prosecutor elicited testimony that appellant had refused to explain his actions when he was being interviewed by investigators. The record further reflects that appellant was not under arrest at the time of the interview. Before the interview had commenced, one investigator specifically advised appellant, "You're not under arrest, you're free to leave at any time." There being no evidence of a custodial interrogation, the prosecutor was allowed to test appellant's credibility by

14

questioning him about his silence. *Cf. Turner v. State,* 719 S.W.2d 190, 193 (Tex. Crim. App. 1986) (holding that the defendant's silence was admissible for impeachment purposes where the defendant met with police two times prior to his arrest but failed to inform them of an alibi). It necessarily follows that counsel had no reason to object to the prosecutor's questions and comments that were critical of that silence.

Appellant complains next that counsel's performance was deficient because, like the prosecutor, counsel also discussed appellant's silence during the execution of the search warrant. On redirect examination, counsel specifically questioned appellant why he had declined to be forthcoming with investigators. Appellant gave the following answer:

> Because I understood vividly how it appears and how it would be taken based on my own personal experiences of being in Virginia, knowing of other people claiming the same claim and I just know my thought when it happened. It was, like, sure, because pornography is Playboy. It's not children being raped, so nobody thinks you're studying it because somebody—when you hear the term "child pornography," if you—

The State objected to the narrative form of the answer, and the trial court sustained the objection.

The record does not affirmatively reveal counsel's strategy for asking the question. Appellant did not file a motion for new trial, and counsel never produced live or affidavit testimony explaining his strategy. In these circumstances, we may not conclude that counsel's performance was constitutionally deficient if any strategic motivations can be imagined for the challenged conduct. *See Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

The record suggests that counsel revisited the question of silence because appellant's behavior during the execution of the search warrant had not been fully

explained on cross-examination. Appellant alluded on redirect that he had kept silent in front of investigators because he knew that the discovery of child pornography would not be received well, even if it was actually being used for a valid purpose. This bias against child pornography was discussed at length during voir dire, but it had not been emphasized or even considered by the prosecutor on cross-examination. Counsel could have invoked the perceived likelihood of bias as a means of explaining appellant's silence as the warrant was being executed.

We conclude that a reasonable strategy can be imagined for counsel's actions, and that appellant failed to carry his burden of showing that counsel acted unreasonably by asking the challenged question.

## 2. The Pretrial Hearings

In his next complaint, appellant focuses on the prosecutor's criticisms of his in-court silence after his arrest, at a time when he was represented by counsel. The prosecutor remarked that appellant had appeared for eleven pretrial hearings, and on each of those occasions, appellant never once approached the prosecutor to explain that he had been researching child pornography for a bona fide educational purpose. Appellant contends that he had a right to remain silent during these pretrial hearings and that counsel should have objected when the prosecutor commented on that silence. We agree that counsel's performance was deficient.

Once the State has charged the defendant with a crime, it has a duty to disclose to the defendant any exculpatory information that tends to negate the defendant's guilt. *See Brady v. Maryland*, 373 U.S. 83, 87–88 (1963); Tex. Code Crim. Proc. art. 39.14(h). The defendant, by contrast, generally has no reciprocal duty to disclose any information to the State, unless so required by law. *See, e.g.*, Tex. Code Crim. Proc. art. 39.14(b) (providing that the defendant may be compelled to disclose his witness list).

16

Appellant may have had an opportunity to approach the prosecutor and discuss the merits of his defense, but he was under no legal obligation to do so. *See Franklin v. State*, 606 S.W.2d 818, 848 (Tex. Crim. App. 1978) (op. on reh'g) ("Merely having the opportunity to say something does not constitute circumstances in which one would be expected to speak out."). The pretrial hearings were conducted for the limited purpose of resetting the case for a later date, and appellant was represented by counsel during each of the hearings. Appellant was entitled to rely on counsel's representation and avoid direct contact with the prosecutor, who acted as his legal adversary. The prosecutor's line of questioning was neither relevant nor appropriate, and we can think of no reason why counsel would not object to the improper criticisms of appellant's in-court silence.

We are not persuaded, however, that the outcome of the trial would have been different but for counsel's failure to object. The jury heard testimony that appellant was silent during the execution of the search warrant and that he had not mentioned to his wife that he had been researching child pornography. That evidence of pre-arrest silence, which was admissible for impeachment purposes, had already cast serious doubt on appellant's credibility. There is no reasonable likelihood that the jury would have disregarded appellant's pre-arrest silence but not his in-court silence. *Cf. Miller v. State*, 939 S.W.2d 681, 691 (Tex. App.—El Paso 1996, no pet.) (defendant was not prejudiced by counsel's failure to object to evidence of post-arrest silence where the record contained other evidence that amply refuted the defendant's claim of self-defense). Appellant cannot show that he was prejudiced by counsel's error.

## PROSECUTORIAL MISCONDUCT

Appellant's third issue is factually related to his second. He complains that the prosecutor engaged in misconduct by making improper questions and comments during trial and closing argument. All of the complaints focus on references to appellant's right to remain silent.

Error regarding prosecutorial misconduct must be preserved by a timely objection at trial, followed by a ruling or a refusal to rule from the trial court. *See* Tex. R. App. P. 33.1; *Hajjar v. State*, 176 S.W.3d 554, 566 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). In this case, appellant never objected to an instance of alleged prosecutorial misconduct. Accordingly, he has preserved nothing for appellate review.

## CONCLUSION

The trial court's judgment is affirmed.

/s/    Tracy Christopher
Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby. (Frost, C.J., concurring).
Publish — Tex. R. App. P. 47.2(b).

18

Affirmed and Majority and Concurring Opinions filed January 22, 2015.



In The

## Fourteenth Court of Appeals

NO. 14-13-00682-CR
NO. 14-13-00683-CR
NO. 14-13-00684-CR

**MARK DOUGLAS ROBISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause Nos. 1324897, 1324898 & 1324899

## CONCURRING OPINION

Before being judged as ineffectual and inept based on actions or omissions denounced as unprofessional, defense counsel ought to have the opportunity to explain his actions and to proffer supporting evidence. Seemingly indefensible actions can turn out to be logical, even wise, when facts not known or imagined are brought to light. The interests of justice are best served when the court has the

chance to consider the reasons for a lawyer's conduct and the lawyer accused of rendering ineffective assistance of counsel is often the only one who can provide them.

In appellant's second issue, he asserts that he was denied effective assistance of counsel because his trial lawyer failed to use strikes on members of the venire who demonstrated a bias and because counsel allowed evidence of appellant's silence to be elicited at trial. In addressing these points, the majority analyzes trial counsel's actions and concludes that (1) trial counsel's conduct was not deficient in some respects, (2) trial counsel's performance was deficient, but not prejudicial in other respects, and (3) this court could not conclude on a silent record that trial counsel's performance was constitutionally deficient in one respect. To dispose of appellant's challenge, this court need not address or analyze the alleged deficiencies and should not do so without the benefit of a developed record. Instead, the court should affirm the trial court's judgment because the record on direct appeal is insufficient to show trial counsel's actions were constitutionally deficient and prejudicial.

The majority correctly analyzes appellant's ineffective-assistance-of-counsel argument under the legal standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Under this standard, the defendant must prove that his trial counsel's representation was deficient and that the deficient performance was so serious that it deprived him of a fair trial. *Strickland*, 466 U.S. at 687. Appellate review of defense counsel's representation is highly deferential and in conducting the review this court is to presume that trial counsel's actions fell within the wide range of reasonable and professional assistance. *Bone*, 77 S.W.3d at 833. An ineffective-assistance-of-counsel claim must be "firmly founded in the record" and the "record must affirmatively demonstrate" the meritorious nature of the claim. *Goodspeed v.*

2

*State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (*quoting Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)). The record on direct appeal is usually insufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone*, 77 S.W.3d at 833. Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation because in most cases the record on direct appeal is underdeveloped and cannot adequately reflect the failings of trial counsel. *Id.* When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial, it is difficult to show that trial counsel's performance was deficient. *See id.* On such a silent record, this court can find ineffective assistance of counsel only if the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Because our record is undeveloped, we must presume that trial counsel was not deficient in his actions. *See Bone*, 77 S.W.3d at 836. We may not presume, for example, that trial counsel had no trial strategy or tactical purpose in not objecting to the prosecutor's comment on appellant's silence, simply because we cannot discern a trial strategy or tactical purpose in these actions. *See id.* at 836. There may be considerations, unknown to us, that influenced the decision or that drove the strategy. We cannot assess alternative explanations if we are unaware of them. The Court of Criminal Appeals has instructed that trial counsel generally should be entitled to an opportunity to explain counsel's actions and to present evidence before being condemned as unprofessional and incompetent. *Id.* Because the challenged conduct was not so outrageous that no competent attorney would have engaged in it, the record in this appeal is insufficient to support appellant's

3

ineffective-assistance challenges. *See Goodspeed*, 187 S.W.3d at 392.

Rather than attempt to discern whether trial counsel's conduct was deficient without the benefit of a developed record, the better course would be to affirm the judgment of the trial court on the basis of a silent record. *See Bone*, 77 S.W.3d at 837. Because the majority does not do so, I respectfully decline to join the court's opinion, but I concur in the court's judgment.

/s/    Kem Thompson Frost
       Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby. (Christopher, J., majority).
Publish — Tex. R. App. P. 47.2(b).

4

Print this page

# Envelope 4250848

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 02/23/2015 03:43:37 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Nicole DeBorde |
| Firm Name | Nicole DeBorde |
| Filed By | Nicole DeBorde |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | nicole deborde |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | |
| Order # | |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 02/26/2015 02:25:19 PM | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for discretionary review. |

## Documents

| | | |
|---|---|---|
| *Lead Document* | Petition for Discretionary Review.pdf | [Original] |
| *Attachments* | Opinion.pdf | [Original] |