**Affirmed and Memorandum Opinion filed August 30, 2024**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00106-CR

**CHRISTINA NUNEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1643814**

## M E M O R A N D U M   O P I N I O N

Appellant Christina Nunez was sentenced to deferred adjudication for a period of five years for the offense of aggravated robbery with a deadly weapon. The State moved to revoke appellant's community supervision. Following a hearing, the trial court found all but one of the allegations in the State's motion to be true, revoked appellant's community supervision, adjudicated her guilty of the offense of aggravated robbery with a deadly weapon, and sentenced her to nine years' imprisonment. In a single issue, appellant appeals the revocation of her community

supervision, arguing that her trial counsel provided ineffective assistance of counsel by failing to present mitigation evidence. We affirm the judgment of the trial court.

## *Background*

On May 4, 2020, the trial court sentenced appellant to deferred adjudication for a period of five years for the offense of aggravated robbery with a deadly weapon. In addition to a number of other standard conditions of community supervision, appellant was ordered to: report to the Community Supervision Officer as directed for the remainder of the supervision term, submit to an evaluation of her educational skill level, and participate in and successfully complete any program(s) as indicated by the Harris County Community Supervision and Corrections Department Assessment Unit. On September 22, 2022, the State filed a motion to proceed on adjudication, alleging that appellant "failed to report as directed for the months of June 2022, July 2022, and August 2022"; "fail[ed] to submit to an evaluation of the education skill level"; and "fail[ed] to attend the Education Program, Thinking for a Change." Appellant pleaded "not true" to each of the State's allegations.

At the revocation hearing, the State called Iza-Ha Barnes as its only witness. Barnes is employed by the Harris County Community Supervision & Corrections Department and is assigned as appellant's community supervision officer. During the hearing, Barnes testified that appellant was admonished about the terms and conditions of her supervision but failed to actually comply. Barnes testified that appellant failed to report in June 2022. On cross-examination, however, Barnes acknowledged that appellant's June appointment was rescheduled by appellant's prior officer, and no other appointment was set for June. Barnes also testified that appellant failed to report in July and August 2022, and this testimony was not refuted.

Next, Barnes asserted that one of appellant's conditions of supervision was to

2

submit to an evaluation of her educational skill level. Appellant had the option to either submit her high school transcript proving that she made it to the ninth grade or complete an educational exam at the office. Appellant did not comply with either option. Lastly, Barnes asserted that appellant was given a condition to attend a program called Thinking for a Change. According to Barnes, appellant was given a two-week deadline on May 10, 2022 to complete the program. Barnes explained that appellant was given the option to either sign up through Harris County or through one of the community providers that offered the program. Appellant did not enroll in the program within the deadline given. However, on cross-examination, Barnes testified that the program did not have to be completed until 60 days prior to the supervision period ending.

## *Discussion*

In her sole issue on appeal, appellant complains that her trial counsel was ineffective by failing to provide mitigation evidence. Appellant suggests that her trial counsel failed to elicit any testimony from appellant as to why appellant failed to follow one or more terms of her probation or why she should remain on probation.

We examine claims of ineffective assistance of counsel under the familiar two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Robison v. State*, 461 S.W.3d 194, 202 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). When conducting a *Strickland* analysis of alleged ineffective assistance of counsel, we look to the totality of the representation to determine counsel's effectiveness. *Cf. Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006) (setting forth standard on direct appeal). "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate two things: deficient performance and prejudice." *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018). An appellant bears the burden to establish both prongs by a preponderance of

the evidence, and her "failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *see also Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) ("Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective.").

To establish deficient performance, an appellant must show that counsel's assistance "fell below an objective standard of reasonableness." *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). An appellant must overcome the "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* at 813. To establish prejudice, an appellant "must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 812.

Our review of trial counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable professional assistance. *See Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007); *Donald v. State*, 543 S.W.3d 466, 477 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (op. on reh'g). If counsel's reasons for his or her conduct do not appear in the record and there exists at least the possibility that the conduct could have been grounded in legitimate trial strategy, we defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal. *See Garza*, 213 S.W.3d at 348. If, as here, counsel has not had an opportunity to explain the challenged actions, we may not find deficient performance unless the conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). In the majority of cases, the record on direct appeal is simply undeveloped and insufficient to permit a reviewing court to fairly evaluate the merits of an ineffective assistance of counsel claim. *See Lopez*, 343 S.W.3d at

4

143; *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Appellant contends that her trial counsel provided ineffective assistance of counsel because trial counsel failed to offer mitigation evidence at the adjudication hearing. Assuming without deciding that trial counsel's performance in this case was deficient, to satisfy the second *Strickland* prong, appellant was required to show that there is a reasonable probability that, but for counsel's presumably deficient performance, the result of the trial would have been different. *See Strickland*, 466 U.S. at 694.

In this case, appellant failed to demonstrate that the result of the proceeding would have been different had trial counsel offered mitigation evidence regarding why appellant failed to comply with one or more of the terms of her supervision. Notwithstanding the fact that the trial court was presented with evidence that appellant failed to report in June 2022 through no fault of her own, the trial court was presented with evidence that appellant failed to report in July and August 2022, despite Barnes' efforts to contact appellant. After the State filed its motion to adjudicate in September 2022, appellant was arrested. Even after being released, appellant failed to report to her community supervision officer again in January 2023. The trial court was also presented with evidence that appellant had approximately two months from the commencement of her supervision period to submit to an evaluation of educational skill level. For nearly two years, appellant did not submit to an evaluation, complete the GED online assignments, or otherwise establish that she made it to the ninth grade.

Our review of the entire record leads us to conclude that, based on the evidence presented, appellant did not meet her burden to show that there was a reasonable probability that but for her trial counsel's alleged errors, the result of the proceeding would have been different. *Thompson*, 9 S.W.3d at 812. Accordingly,

we overrule appellant's only issue on appeal.

### *Conclusion*

Having concluded that appellant failed to satisfy the second *Strickland* prong, we affirm the judgment of the trial court.


/s/ Frances Bourliot
Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).